Hempi-iill, Ch. J.
The question raised m tins case is as to the legal effect of a deed executed by a sheriff upon a tax sale under the statute of 1S40. It is declared by tiie 25th section of the statute that “every sheriff who, as tax collector under this act, shall sell any real estate to satisfy any tax imposed by this law, shall make and execute to the purchaser or purchasers thereof a deed of conveyance immediately, which deed shall be good and effectual in law and in equity; ” and it is contended that by force of tiie provision that tiie deed shall be good and effectual both in law and equity, tiie deed, per se, furnishes conclusive evidence of tiie regularity of tiie sale, and that all the previous requisites have been complied with, and a case is cited (Martin v. Lucey, 1 Murphey R., 311) which, on a provision that the deed should “be good and valid in law,” contains doctrines which support tiie position assumed by the appellant. And it is further stated by tiie appellant in his elaborate and ingenious argument that in tiie revenue laws of the United States, and of all the States except the State of North Carolina, no validity whatever is attached to the deed of tiie tax collector; and it is urged that peculiar force should be given to the adjudications of the courts of North Carolina, as they were made with reference to the provisions of the only statute which is analogous to our own. If it be intended to assert that none of tiie revenue laws of the other States contain provisions importing that the deed shall be effectual in law and equity, or expressions of a similar "import, I apprehend that this will be found to be a mistake. I have access to the statutes of but few of the States; but on examination of the statutes of Mississippi for several years I find that the same or equivalent expressions as to tiie effect of a deed upon a sale for taxes are used; and in Clay’s Alabama Digest, in the 53d section of the law on tiie subject of taxes, there will be found tiie exemplar and model from which the 25th section ■ of our statute was doubtless copied. Tiie provision of the Alabama law declares that tiie collector on sale of real estate shall execute to the purchaser or purchasers thereof a deed of conveyance immediately, which deed shall be good and effectual both in law and equity. These are tiie identical expressions employed in our own statute.
This provision of tiie Ahtbama law appears to have been adopted in 1815 during the organization of tiie Mississippi Territory, and it remained in force in Alabama in 1S43; consequently tile adjudications of the States of Mississippi and Alabama are entitled to great weight in determining upon tiie intrinsic force of a conveyance to a purchaser of real estate at a tax sale.
The argument of the appellant, that a deed to be effectual in law and *10 equity must be held to pass, proprio vigore, both the legal and the equitable title to the property, is plausible; and had not ail opposite construction been lirmly established, such might have been construed to have been the intention oí the Legislature. But doctrines the reverse of the proposition assumed by the appellant as founded upon the plain meaning of the terms of the law have received very general sanction in all cases where the deed is not made prima facie evidence, or evidence alone, or conclusive evidence of the performance of all the previous requisites. The doctrine, as expounded in the case of Williams v. Peyton, (4 Wheat. R., 77,) is that the power of the collector to sell is but a naked power, not coupled with an interest, and that in all such cases the la ,v requires that every prerequisite to the exercise of that power must precede its exercise; that the agent must pursue the power, or his act will not be sustained by it; and that it is a general principle that a party who sets up a title must furnish the evidence necessary to support it. If the validity of a deed depends upon an act in pais, the party claiming under that deed is as much bound to prove the performance of the act as he'would be bound to prove any matter of record on which its validity might depend. It forms a part of his title ; it is a link in the chain which is essential to its continuity, and which it is incumbent on him to preserve. It is true that this construction was in reference to a deed tinder an act of Congress which simply required tlie execution of tlie conveyance, but did not declare Us effect in evidence as to the validity of tlie sale. But the doctrines expressed in this case have been followed in cases in Mississippi and Alabama under statutes identical with our own. I have not tlie eases from Alabama before mo, but as some of them were decided between ISIS and 1S43 the adjudication must have been with reference to the statute before cited, and which during this period was in force. In 5th Ala. R., 433, it was held that to sustain a title tinder a sale for taxes the party must show that all the prerequisites were performed; and the same doctrine was affirmed in lltli Ala. R., 295. In 10th Smedes and Marshall It., 204, the (list motion between sales by tax collector and by sheriff was drawn. It was said (hat the whole jiower of the former was derived from the statute, and his authority depends on ui strict compliance with its provisions; that it was special, limited,' and a naked statutory jiower and must be strictly pursued ; but that the power of the sheriff was not derived from the statute only, but also from the judgment and execution ; that by the judgment the plaintiff acquires a lieu upon the land, and Hie execution is the authority to enforce that lien ; and if there were no statute prescribing tlie mode of carrying the judgment into effect, yet it might he made effectual, and a sale under it would be valid if by law any process were authorized to issue for that pmrposo. And the same rule, as to tlie restrictions upon the exercise of tlie jiower of sale by a tax collector, was maintained in 12th Smedes & Marshall R., 49S ; and by one of the judges tlie principles expressed in tiie case of Williams v. Peyton were cited with approbation. (4 Pet. R., 359 ; 6 Wheat. R., 119 ; 2 Pet, Cond. R., 151; 7 Cow. R., 88; 18 Johns. R., 441.) Tlie case in 12th Smedes & Marshall arose under the statute of 1S43, which varied from previous and succeeding statutes in making the deed prima facie evidence of the performance of tlie previous requirements; hut this was held to change only the burl hen of jiroof from the jmreliaser to the plaintiff or former jrrojjrietor, making- it incumbent upon tlie latter to show a non-compliance with tiie formalities which by law should have preceded the sale.
It must he confessed that it is somewhat difficult to draw very definitely the line between tlie character of the jiower under which the sheriff, under an ordinary execution, makes liis sales and that by which, as a tax collector and by virtue of an execution emanating from an officer clothed with authority for that purpose he proceeds to sell for satl-faction of taxes due from t lie d< lin-quent. But the distinction lias been recognized in the adjudications of a majority of tlie States. Tlie deviations of tiie sheriff in the manner of exeentin i tlie power are held not to prejudice bona fide purchasers at his sale ; but' otherwise with those of tlie tax collector, they are held to be fatal. Tlie rea *11 son or the policy which requires or justifies the distinction is not very apparent, unless it he that, generally, the amount of propeity exposed to sale for the non-payment of taxes is out of all proportion to the sum due. But, undoubtedly, it is tlie duty of every citizen to pay the taxes necessary to support the Government under which lie lives and by which he is protected. He participates in its benefits ancl lie should share in its burthens. And if on failure or refusal to contribute to the support of the Government he be divested of some portion of the property the rig-lit to which is derived from and sustained by the will and power of the social organization, which by his delinquency he has attempted to enervate, he could not complain; and accordingly in some of the Stales as well as in our own (under the laws nowin force) the deed is declared by statute to bejprima facie evidence that all the requisitions of the law have been complied with in'making the sale; whilst in Hlinois it is declared, when standing alone, to be evidence of good title; and in Arkansas, evidence that everything has been done necessary to the validity of the sale; and in New York it is made conclusive evidence that the sale was regular. (1 vol. Revised Statutes N. Y., p. 412.)
Hail (lie law of 1S40 contained a provision similar to that cited from New York, the position of appellant would have been sound. Irregularities or abuse in tiio execution of (lie power would not have vitiated the title in the I muds of a bona fide purchaser. The sheriff would have been responsible in damages to the original proprietor, but his act would not have been void. The only inquiry which could have been made would be whether the officer had transcended his power, or whether there was fraud or collusion between the sheriff and purchaser. But the declaration that the deed shall be good and effectual both in law and in equity must be regarded as giving no special sanction to (lie conveyance beyond that derived from the general principles of laws. If it mean anything it might be taken to cure not only irregularities but excesses in the execution of the. power, and also frauds in the"party. The point raised by judicial construction was. that the deed -was not evidence of the regularity of the sale, but that this must be proved, aliunde, by the claimant under the deed. If the Legislature intended to change the law in this particular, their will should have been expressed in terms which could not have been misunderstood ; otherwise, the courts would not be authorized to depart front a well-established rule of construction. If the deed had been declared to be prima facia or conclusive evidence of the regularity of the sale, or in similar terms having reference to the legal effect of the deed in evidence, the language would have "been, in reference to the law as it stood, intelligible, and the will of the Legislature being understood must have been obeyed. But the declaration that it shall be valid and effectual both in law and equity is one of those vague generalities frequently employed when the subject is not thoroughly comprehended, or when the writer has no precise aim and object in his own mind, and consequently is forced to the use of general terms which may possibly embrace and effect the object that ought to have been specifically expressed and secured, and these generalities are left to puzzle the brains of future readers and commentators in the. vain attempt to make sense out of terms which, as used, have no meaning in themselves. We are under no obligation to engage in such speculative conjectures or fruitless inquiries.
Judgment affirmed.