# Harris v. Harris.

*Bill in Equity by Distributees to have Property held by the
Widow at Decedent's Death declared her Statutory Separate
Estate, and the Value thereof deducted from her Distributive
Share.*

1.   *Widow's distributive share in husband's estate; statutory separate
estate.*—The statute requiring that, in the computation of the widow's
dower and distributive share in the deceased husband's estate, the value
of her separate estate shall be deducted (Code, 1876, § 2715–16), refers to
an estate created by the constitution and statutes, and not to an equitable
estate, an estate which is made separate by the terms of its creation.

2.   *Husband and wife; right of husband to renounce his marital rights
in wife's statutory separate estate.*—The husband may renounce the trust-
eeship of the legal estate of the wife and all the privileges incident there-
to, as he could have renounced all his marital rights at common law; and
the effect of such renunciation is, that the property remains the property
of the wife, she holding it as her equitable estate.

3.   *Same; investment of moneys, the wife's statutory separate estate, by
the husband.*—The husband, in investing money, the statutory separate
estate of the wife, may elect, the claims of creditors who had previously
supplied the family with necessaries not being involved, whether the in-
vestment shall be made in the name of the wife, continuing the charac-
ter of the estate, or whether the investment shall be made in the name
of himself, or of a stranger, as her trustee, to hold for her sole and sepa-
rate use; and when such investment is made in the latter way, the value
of the property thereby purchased, and held by her at the time of the
husband's death, can not be computed in ascertaining her dower interest
and distributive share in his estate.

VOL. LXXI.

[Harris v. Harris.]

4. *Same; transfer of policy of life insurance by the husband to the wife; character of estate thereby created.*—A transfer by the husband to the wife of a policy of insurance on his life, payable to him, as a gift, creates in the wife an equitable separate estate; and, she having collected the insurance money after his death, the amount thereof can not be computed, in estimating her dower interest and distributive share in his estate. (This case distinguished from *Williams v. Williams,* 64 Ala. 405.)

APPEAL from Mobile Chancery Court.

Tried before Hon. JOHN A. FOSTER.

This was a bill by C. A. Harris and others, children and heirs at law of C. A. Harris, sr., who died on 17th February, 1880, against Jane E. Harris, the widow, and Leroy Brewer, as administrator of the estate of said decedent; was filed on 8th June, 1882; and the case made thereby is substantially as follows: On 9th May, 1872, said decedent, having in his hands, as husband and trustee, $12,000, belonging to his wife, the said Jane E. Harris, as her statutory separate estate, invested the same in designated real estate in the city of Mobile, purchased from Dabney Berry, taking a deed therefor in his own name as trustee for his said wife, and "for her sole and only separate use, benefit and behoof forever, free from all the debts, claims or control of the husband whatsoever." The deed is made an exhibit to the bill. The bill charges that, although the words used in the deed "are such as to create an equitable estate in a married woman, yet such property is in fact part of her statutory estate, because the money invested in making the purchase was her statutory estate." The bill further avers " that at the time C. A. Harris married the respondent, Jane E. Harris, he held a policy of insurance upon his own life for his own benefit, in the Ætna Life Insurance Company of Hartford, Conn., for the sum of five thousand dollars; and that after said marriage, to-wit: on the 26th day of June, 1871, the said C. A. Harris assigned said policy as follows: 'For value received I hereby transfer, assign and turn over unto my wife, Jane E. Harris and her children by me—and if I should survive her, it goes to her children by me, if any, and if none, reverts to my children by my former wife then living, equally; and if she survives me, then it is for her benefit absolutely—all my right, title and interest in policy of life insurance No. 83,029, issued by the Ætna Life Insurance Company of Hartford, Connecticut, and all benefit and advantage to be derived therefrom.' Orators aver that no value was given for such assignment other than love and affection; that the said C. A. Harris paid the premiums out of his own funds up to the time of his death; and that the defendant, Jane E. Harris, having survived him without children, received the proceeds of said policy." It is also averred that all the debts of said decedent had been paid; that

[Harris v. Harris.]

his estate consists solely of personal property; that on 4th May, 1882, the administrator had filed his accounts and vouchers for a partial settlement, and asked for an order to make distribution among the distributees of said estate; and that the said widow claimed to be a distributee, and entitled to one-fifth of said estate, there being seven children; but that she was not entitled to participate in the distribution of said estate, because of the facts above stated. The bill prays that the administration of said estate may be removed into said Chancery Court; that the real estate held by the defendant, Jane E. Harris, under the deed from said Berry, and the money received on the said policy of life insurance may be decreed to be her statutory estate, and that she may be excluded from participating in the distribution of said estate, "except as to the excess of what her interest may be over the value of her statutory estate."

Mrs. Harris interposed a demurrer to the bill, which was sustained by the court. From the decree sustaining the demurrer this appeal was taken; and it is here assigned as error.

H. AUSTILL, for appellant.

JAMES BOND, contra.

BRICKELL, C. J.—The statute (Code of 1876, §§ 2715–16) excludes from dower and distributive share in the estate of the husband a widow, having at the death of her husband a separate estate of equal or greater value than such dower and distributive share; or, if it be of less value, requires that in the computation of the dower and distributive share, it shall be deducted. The separate estate to which the statute refers, is the estate created by the constitution and statutes, and not an equitable estate, an estate which is made separate by the terms of its creation.—Smith v. Smith, 30 Ala. 642; Huckabee v. Andrews, 34 Ala. 646.

It is not denied that the deed executed by Berry, conveying the house and lot to the intestate, Harris, as trustee for his wife, by its terms created an equitable separate estate—that it clearly and unequivocally excluded the marital rights of the husband, and limited the estate to the sole and separate use of the wife. The point of contention is, that as the money employed in the purchase, and forming the consideration of the conveyance, was of the legal or statutory separate estate of the wife, the house and lot of necessity, without regard to the terms of the conveyance, became likewise her legal or statutory estate, and its value must be computed in estimating her dower and distributive share in the estate of her deceased husband. The argument is,

[Harris v. Harris.]

that the statutory estate of a married woman, without the intervention of a court of equity, can not be converted into an equitable separate estate. This question was the subject of patient and deliberate consideration in *Turner v. Kelly*, and *Masson v. Kelly*,70 Ala.85; and we affirmed that the husband could renounce the trusteeship of the legal estate of the wife and all the privileges incident to it, as he could have renounced all his marital rights at common law. The effect of such renunciation is precisely the same as was the effect of his renunciation of his common law rights; the property remains the property of the wife—it is her equitable separate estate. The statute or the constitution can not intervene, for their field of operation is to intercept the marital rights of the husband, and these do not attach, because the husband renounces them. The husband investing money, the statutory separate estate of the wife, as it was his duty to invest it, could elect whether the investment should be made in the name of the wife, continuing the character of the estate, or whether the investment should be made in the name of himself, or of a stranger, as a trustee, to hold for the sole and separate use of the wife. In making an investment of the latter kind, he alone is stripped of rights and privileges, the claims of creditors who had previously supplied the family with necessaries not being involved. The conveyance creating an equitable separate estate in the wife, the value of the house and lot is not to be computed in ascertaining her dower and distributive share.

The transfer of the policy of insurance was a simple gift from the husband to the wife. At common law it was void, because of the unity of husband and wife and the incapacity of the wife to take and to hold chattels, or choses in action, or stocks, independently of the husband. In a court of equity, the gifts of chattels, or the transfers of choses in action, or of stocks, made by the husband to the wife were supported; and they were supported upon the presumption that they were intended for her separate use.—*Mc Williams v. Ramsay*, 23 Ala. 813; *Williams v. Maull*, 20 Ala. 721; *McMillan v. Peacock*, 57 Ala. 127. As the transfer of itself created in the wife a separate estate, an estate not made her separate estate by the constitution or the statute, it is an equitable estate, and the statute does not require that it should be taken into the computation in estimating her dower and distributive share. This case is clearly distinguishable from *Williams v. Williams*, 68 Ala. 405, in which the policy was taken out in the name of the wife as sole beneficiary, right and title vesting in her by the policy itself, and not by a transfer or gift from the husband.

We find no error in the decree of the chancellor, and it must be affirmed.