65    29
90   474

A. W. MEREDITH V. D. P. COKER.

(Case No. 1498)

1. EVIDENCE—TAX DEED—VARIANCE.—Plaintiff in trespass to try title relied upon a tax deed, and sought to prove that the jurisdictional prerequisites had been complied with in the sale by producing the tax roll. The land in controversy was the Jos.

Shelton survey, and it was admitted that the roll had been changed since the insti-
tution of the suit from Joshua to James Shelton. *Held:*

(1) That the survey listed was not that conveyed to plaintiff, and the roll and
deed were properly excluded.

(2) Independant of constitutional and statutory law, a tax deed does not affect
title unless the authority of the maker of the deed is shown by proof of the per-
formance of all precedent requisites. (Bur. on Tax., 332; Cool. on Tax., 353, etc.)

(3) The deed alone did not make a *prima facie* case for plaintiff. (Authorities
reviewed.)

APPEAL from Henderson. Tried below before the Hon. John C.
Robertson.

The opinion states the case.

*M. E. Richardson* and *Manier, Adams & Watkins,* for appellant;
cited: Martindale on Law of Convey, sec. 95, and authorities there cited,
Wait's Act. and Def., vol. 2, p. 503; Con. of Tex., art. VIII, sec.
13; R. S., art. 4756; Rule 58, regulating proceedings in district
court; Woffard *v.* McKinna, 23 Tex., 44; Blackwell on Tax Tit.,
434-438; Gynne *v.* Neeswanger, 18 Ohio, 400; Bettison *v.* Budd, 17
Ark., 556; Blackwell on Tax Tit., 4th ed.; Story on Pl., 88-90.

*Faulk & Faulk,* for appellee, cited: 20 Tex., 675; Wash. on Real
Est., 3d ed., 344-368; 13 Tex., 308; 15 Tex., 491; 8 Tex., 12; Gen.
Laws of Tex., acts of 1876, 263, sec. 18; Blackwell on Tax Tit., 3d
ed., 83, 106-109, 365; Blackwell on Tax Tit., 4th ed., 339-342, 401-
402; 17 Ark., 556.

ROBERTSON, ASSOCIATE JUSTICE.—The appellant brought trespass
to try title in the court below, and relied upon a tax title. He sought
to prove that the jurisdictional prerequisites had been complied with
in the sale, and for this purpose offered the tax roll. The land in
controversy was the Jos. Shelton survey, and the roll, when offered
properly, contained this name, but it was proven by counsel for both
parties, and by the collector, and substantially admitted as a fact,
that the roll had been changed since the institution of the suit from
Josha, or Joshua, to Jos. Shelton. The survey listed was, therefore,
not that conveyed to appellant, and the roll and deed were excluded,
and a verdict directed and rendered for appellee.

There was no error in this action, unless the deed itself, which was
regular on its face dispensed with all preliminary proof, and made at
least a *prima facie* case for appellant.

Independent of constitutional or statutory law, a tax deed does not
affect title, unless the authority of the maker of the deed is shown

by proof of the performance of all precedent requisites. Burroughs on Tax., 332; Blackwell on Tax Tit., 74; Cooley on Tax., 353; Davis v. Farnes, 26 Tex., 296; Yenda v. Wheeler, 9 Tex., 408; Hadley v. Tankersly, 8 Tex., 12; Robson v. Osborn, 13 Tex., 298.

Sec. 13, art. 8, of the Const. of 1876, requires the legislature to prescribe laws for the sale of property for taxes, and provides that the deed to the purchaser for property *thus sold*, shall rest title defeasible only for actual fraud.

No state may deprive any person of his property without due process of the law. Sec. 1 of 14th amendment of U. S. Const. The legislature, or the people in convention, may provide the effect of a tax deed as evidence. Blackwell on Tax Tit., 83, and note 1. But the power to confiscate property by the sanctification of a tax deed does not exist. Cooley on Tax., 355; Burroughs on Tax., sec. 120; Blackwell on Tax Tit., 83; Cooley's Const. Lim., 459, and note 2.

The constitution, in the section referred to, only states the effect of the deed when the law has been complied with; it dispenses with no proof.

The law in force when the deed in this case was made, and now in force, declared that "the deed shall vest a good and perfect title." Manifestly this provision dispenses with none of the proof required. Tankersly v. Hadley, *supra.*

These views were discussed and announced by Judge Watts in a well-considered opinion, reported to this court at Austin, in April, 1884, and not adopted on account of other points embraced in it. We have not deemed it necessary to do more than state the points in that opinion, and cite the authorities referred to and discussed, as the records in this court show that the district courts have uniformly ruled in accordance with the views here announced, and we think they are the views generally accepted and acted upon by the profession, and hence it is not necessary to elaborate them.

As the plaintiff offered no other proof of title than the deed, properly rejected, the judgment of the court below, which was against him, will be affirmed.

AFFIRMED.

[Opinion delivered December 15, 4885.]

Associate Justice Stayton did not sit in this case.