## M. E. EUSTIS ET AL. V. CITY OF HENRIETTA.

### Decided March 8, 1897.

**1. Assessment for Taxation—Certainty of Description.**

Description of the property in its rendition and assessment for taxation is sufficient when it furnishes the means by which the property can be identified from the description itself, or by the use of extrinsic evidence to apply that description to the property. (P. 471.)

**2. Same—Assessment for City Taxation.**

Art. 5076, Rev. Stats., which prescribes the requisites for assessment for State and county taxes, does not apply to assessment for city taxes; and the failure to give, in the description, the certificate number, abstract number and survey number does not affect the validity of the assessment. (P. 472.)

**3. Same.**

Property in the city of Henrietta was rendered by E. and assessed for taxation by the city under the following description: "Original Grantee or Addition, McKinney & Williams—Lot, all— Block, 31." The city was located, in whole or in part, on the McKinney & Williams survey; it contained no addition known as the McKinney & Williams Addition; and there was a block No. 31 in the city, upon that survey, claimed by E.—Held that the rendition and assessment were not void for uncertainty of description. (Pp. 471, 472.)

**4. Void Tax Deed—Constitutional Law—Tender of Taxes.**

The requirement in art. 518, Rev. Stats., 1895, (art. 447, Rev. Stats., 1879) that no person shall be permitted to question the title acquired by a city tax deed without showing that all taxes due upon the lands have been paid is, as applied to a void sale for taxes, contrary to the provisions of the State Constitution, art. 1, secs. 13 and 19 and to sec. 1 of the fourteenth amendment to the Constitution of the United States, in that it denies to a citizen his constitutional right to a remedy by due course of law for an injury to his right of property and forfeits and takes from him his property and gives it to another. (Pp. 472 to 475.)

**5. Same—Case Explained.**

The question of the constitutionality of such statue was not before the Supreme Court, nor passed on by them on the former appeal in this case. City of Henrietta v. Eustis, 87 Texas, 19. (Pp. 472, 473.)

**6. Supreme Court Jurisdiction—Certificate of Dissent.**

Upon certificate of dissent the Supreme Court has no jurisdiction to decide any question except one upon which the judges of the Court of Civil Appeals have disagreed. (P. 472.)

CERTIFICATE OF DISSENT, from Court of Civil Appeals, Second District, in an appeal from Clay County.

The action was trespass to try title, in the District Court, brought by the city of Henrietta, which claimed the property by virtue of a tax deed under a sale for city taxes. On a former trial defendants had judgment and the city appealed. Certified questions from the Court of Civil Appeals were answered by the Supreme Court in City of Henrietta v. Eustis, 87 Texas, 14, and in accordance with the rulings thereon the judgment was, by the Court of Civil Appeals, reversed and the cause remanded, City of Henrietta v. Eustis, 27 S. W. Rep., 746. Upon a second trial in the District Court, plaintiff recovered judgment and defendants appealed. The judgment was affirmed, with a dissenting opinion by Justice Hunter. Eustis v. City of Henrietta, 37 S. W. Rep., 672. Thereupon certificate of dissent was sent up to the Supreme Court. This certificate was dismissed for reasons stated in the opinion thereon. Eustis v. City of Henrietta, ante. 254; 38 S. W. Rep., 165. The case now comes before the Supreme Court upon a second certificate of dissent.

*W. G. Eustis*, for appellants.—A deed void for want of sufficient description is not admissible in evidence, and even if admitted without objection, conveys nothing. Wofford v. McKinna, 23 Texas, 44; Schleicher v. Gatlin, 85 Texas, 270; Morgan v. Smith, 70 Texas, 637; Wooters v. Arledge, 54 Texas, 397; Moses v. McFarlin, 2 Posey U. C., 291; Fant v. Brannin, 2 Posey U. C., 323; 2 Devlin on Deeds, 1405, 1408; Cooley on Taxation, 150, 151, 152; Black on Tax Titles, 406, 407.

In trespass to try title plaintiff must recover on the strength of his title, and art. 447, Rev. Stats., does not relieve him of this; and the tender of the tax has no application to a defendant who resists an illegal tax, but applies only to a plaintiff who seeks to set aside a tax deed for irregularities. Meredith v. Coker, 65 Texas, 30; Lufkin v. City of Galveston, 73 Texas, 343; O'Neil v. Tyler, 53 N. W. Rep., 434; Martin v. Barbour, 140 U. S., 634; Gage v. Bani, 141 U. S., 344; Mendenhall v. Hall, 134 U. S., 559; 2 Devlin on Deeds, 1423; Cooley on Taxation, 551, 552; Black on Tax Titles, 438; Burden v. Taylor, 27 S. W. Rep., 351 (Mo.); Townsend v. Martin, 17 S. W. Rep., 876, (Ark.); Radcliffe v. Scruggs, 46 Ark., 96; Allen v. Morse, 72 Me., 502; Dunn v. Snell, 74 Me., 22; Wilson v. McKenna, 52 Ill., 43.

*Templeton & Patton*, for appellee.—The tax deed offered in evidence was not void for want of a proper description and the court did not err in admitting it in evidence, but if void appellants were estopped from objecting thereto, they having furnished said description to the tax assessor. Dallas Trust Co. v. Oak Cliff, 27 S. W. Rep., 1036; Cooley on Taxation, 405, note 1; 23 Kan., 448.

If said tax deed was void for want of proper description the court did not err in admitting it in evidence and in refusing to permit appellants

to question same, without first paying or tendering the taxes legally due: and assessed against said land.     Rev. Stats., art. 447; City of Henrietta v. Eustis, 26 S. W. Rep., 619; same case, 27 S. W. Rep., 746.

Article 447 of the Revised Statutes is not restricted in its operation to a suit brought by a former owner of land to set aside a tax deed thereto for irregularities, but it applies equally to a defendant in a suit brought by a purchaser at tax sale and the grantee in the deed to recover the property thereby conveyed; and in such a case the defendant will not be permitted to question the title conveyed by such deed without showing that all taxes legally due upon the land have been paid by him or by those under whom he claims.

BROWN, Associate Justice.—The Court of Civil Appeals for the Second Supreme Judicial District has submitted to this court the following certificate of dissent:

"In this cause, it appearing to the court that the points of dissent heretofore ordered certified to the Supreme Court were not stated in a manner satisfactory to that court, that order will now be so amended as to state the material points of dissent, as follows:

"1.   Was the rendition made by W. G. Eustis of the property in controversy to the City of Henrietta, for taxes for the year 1885, and the consequent assessment of city taxes for that year, void for uncertainty of description, the description being set out in the opinion of the majority of this court?

"2.   If not, then was the sale and deed void?   And if void, could appellants dispute the validity thereof without paying or at least tendering all taxes due?   And as included within this question, is the law requiring this to be done constitutional?

"3.   The full amount of taxes due, which exceeded $55, not having been paid or tendered, unless the plea quoted in majority opinion should be given the effect of a tender of any sum that might be found due above the $55, or an offer to do equity equivalent to a tender, did it amount to a tender, if indeed a tender be a substantial compliance with the statute in question?   That is to say, could appellants demand that the court ascertain the amount due before they could be compelled to pay or tender the same?·

"Which points will more fully appear from the majority and dissenting opinions."

The facts necessary to an understanding of the answers we make to the foregoing questions are not stated by the Court of Civil Appeals in the certificate presented, but from the opinion of the court we deduce the following:

In the year 1885 the appellant W. G. Eustis was the owner of the property in controversy, and for the purpose of having it assessed for the taxes of the city of Henrietta, in which it was situated, made a list of his property, in which the property sued for was described as follows:

REAL AND PERSONAL PROPERTY RENDERED FOR TAXATION FOR
THE YEAR.

| | NAME. | YEAR. | ORIGINAL GRANTEE OR ADDITION. | LOT. | BLOCK. | VALUE. |
|---|---|---|---|---|---|---|
| 19 | Eustis W. G. | 1885 | McKinney & Williams. | All | 31 | $1000 |

The original town of Henrietta was laid off on the McKinney & Wililams survey, and there was but one block number 31 on that survey in the city of Henrietta.

The amount of the tax due on the land at the time of the trial up to and including the year 1894, was $174.50. The appellees, among other things, plead as follows: "That in case the court shall find that said property is subject to any taxes due plaintiff, that defendants are ready and willing, and have always been ready and willing, to pay same, and will pay same as soon as the amount of legal tax, if any, is ascertained by the court; and they tender into court in payment of all taxes $55, which they believe is all the taxes due on said land, and ask that same be accepted in full payment of all taxes from 1884 to 1894, inclusive, and that the land be decreed to them, and this money to plaintiff."

The appellees did not pay the taxes due, and made no offer to pay, except that contained in the plea set out above.

We answer the first question in the negative.

The opinion of the majority of the Court of Civil Appeals treats this question so satisfactorily that it is unnecessary for us to enter into any extended discussion of it. We will add, however, that the general rule which governs in determining the sufficiency of the description of property embraced in an assessment for taxes is that such description is sufficient when it furnishes the means by which the property can be identified from the description itself or by the use of extrinsic evidence to apply that description to the property. (25 Am. & Eng. Encyc. of Law, p. 218 and notes; Morgan v. Smith, 70 Texas, 641; Law v. Miller, 80 Ill., 268; Fowler v. McCrea, 93 Ill., 116; Woodside v. Wilson, 32 Pa. St., 52; Driggers v. Cassady, 71 Ala., 529; Judd v. Anderson, 51 Iowa, 345; Allen v. Town of Woodbridge, 42 N. J. Law, 401.)

In treating of a description given of property by the assessor for State and county taxes, this court, in the case of Morgan v. Smith, cited above, held that the assessment was void because it failed to embrace certain requisites of the statute, but used this language, which we think applicable to the present case: "It would doubtless be a sufficient description, when an entire survey is assessed, to give the owners' names, if known, or, if unknown, say unknown, together with the abstract number, certificate number, etc." The requirement to give the abstract, certificate and survey numbers does not apply to an assessment for city purposes. But the language used quoted is applicable to the question before us because the assessment under consideration was of an entire

block, which is analogous to an assessment of an entire survey, and contains all required by the case cited, except the numbers. If we test the sufficiency of the description given in the assessment made in the present case, we find that the entire block is assessed as the property of W. G. Eustis; that it is situated in the city of Henrietta and is block 31 in that city on land granted to McKinney & Williams or in an Addition made by them to the city of Henrietta. By examination of the records we could learn that the city was located in whole or in part, as the case may be, upon the McKinney & Williams survey; that there was a block number 31 in the city of Henrietta upon that survey claimed by W. G. Eustis, and also that there is no Addition to the city of Henrietta known as the McKinney & Williams Addition. Thus by resorting to extraneous evidence, which is frequently necessary, we can apply the description given in the assessment to the block of land as found upon the ground and thus arrive at a satisfactory identification of the property.

The majority of the Court of Civil Appeals held correctly that art. 5076, which prescribes the requisites of an assessment for State and county taxes, did not apply to assessments for city taxes and that the failure to give the certificate number, abstract number, and survey number did not affect the validity of that assessment.

The second question propounded contains in fact two questions, the first being, "Were the sale and deed void?" meaning the sale of the land under the assessment and the deed conveying it to the purchaser. We have no jurisdiction to decide any question upon this certificate, except one upon which the judges of the Court of Civil Appeals have disagreed. Looking to the opinion of the majority of that court and of Justice Hunter, who dissented, we do not find that there was a disagreement as to whether the sale and deed are void. Justice Hunter contends that they are void, but the majority of the court do not assert that they were valid so far as we have been able to ascertain. We must therefore decline to answer that part of the second question.

The second question also embraces the following: "And if void (that is, if the sale and deed or either of them be void) could appellants dispute the validity thereof without paying or at least tendering all the taxes due? And as included within this question, is the law requiring this to be done constitutional?"

The majority of the Court of Civil Appeals construed the opinion of this court in the same case delivered upon certified question as holding that law to be constitutional. (Henrietta v. Eustis, 87 Texas, 19.) After quoting from article 447, Revised Statutes, this court used the following language in that case: "This provision applies to tax sales the equitable rule that, where a purchaser at a void sale has discharged a lien upon the property, the owner will not be permitted to recover the property without first paying the sum applied to the discharge of the lien. In case of purchase by the city as in this instance, we think it was in the power of the Legislature to require the payment of all taxes due upon that property as a condition to the right of the de-

linquent to set up defects in the title of the city. It is not necessary in this case for us to decide what effect this statute would have if the purchaser were some person other than the city." It is evident that the court did not have in mind the constitutional question involved while discussing the provisions of article 447, and we have examined the briefs and arguments then before us and find that the constitutionality of the law was not raised, although some of the authorities cited treat of the question in that light. The language quoted from the former opinion shows that the question decided in that case was, that the law might require of the owner the payment of taxes other than that for which the sale was made. This court would not have passed upon a constitutional question without mentioning the Constitution itself.

Article 518, Revised Statutes (447 former statute) in so far as it bears upon this question is in this language: "But no person shall be permitted to question the title acquired by the said deed without first showing that he, or the person under whom he claims title, had title to the land at the time of the sale, or that the title was obtained after the sale, and that all taxes due upon the lands have been paid by such person or the person under whom he claims title as aforesaid." The effect of this provision as applied to the facts of this case is to deny the defendant Eustis, when sued for the property by the city of Henrietta, the right to defend his title and possession of the property against the city by showing that the city had acquired no title under the proceedings through which it claimed. Had the Legislature the power to enact a law which denies to a property owner the right to defend himself in his right of property by showing that he and not the plaintiff was the true owner?

The following provisions of our Constitution are believed to be in point: "Article 1, section 13. * * * * All courts shall be open, and every person for injury done him in his lands, goods, person or reputation shall have remedy by due course of law. Section 19. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

It is well settled in this State that a purchaser at a sale for taxes in which the requirements of the law are not complied with acquires neither title nor any right whatever against the owner of the property. (McCormick v. Edwards, 69 Texas, 106; Railway Company v. Poindexter, 70 Texas, 103.)

Article 8, section 13, of the Constitution of this State, is in this language: "Provision shall be made by the first Legislature for the speedy sale of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale of all lands and other property upon which the taxes have not been paid, and the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject

to be impeached only for actual fraud; provided, that the former owner shall, within two years from date of purchaser's deed, have the right to redeem the land upon the payment of double the amount of money paid for the land." It has been held that a deed of conveyance to the purchaser of lands sold for taxes does not vest title in him under the foregoing provisions of the Constitution unless the requirements of the law have been complied with. (Meredith v. Coker, 65 Texas, 29.) The Legislature is not restricted by the Constitution as to the character of laws it may enact upon the subject, but under that provision of the Constitution and the decision of our court the terms of the law must be complied with or the deed made to the purchaser will not vest title in him.

It follows therefore that if the sale of the property or the deed of conveyance to the city of Henrietta was void, that city had no title to the property; the deed vested no right in the city. There being no right of recovery in the plaintiff, the court could not enter judgment in favor of the city for the property in controversy, divesting the title of the defendants out of them and vesting it in the city, except upon the ground that the owners of the property had forfeited their right by failing to pay taxes. If the deed was void it was as if no deed had been made. If the sale was void it was as if no sale had been made, and if under such circumstances the purchaser or claimant under such void deed or sale can recover property because the tax has not been paid upon it, why not enact a law by which a city could, without the formality of sale and conveyance, recover from its citizens property upon which taxes had not been paid? This would be practically and essentially the same as that which would result from a like judgment rendered upon facts assumed to be true in the question propounded.

Such a proceeding would deny to the citizen the right to be heard in court, refusing him the Constitutional privilege of a remedy by due course of law for an injury to his right of property. It would deprive him of his property to which he has a perfect title and give it to another who has no right to it, without due course of the law of the land. In plain words, his property would be declared forfeited and taken from him without any judicial investigation. Such a law if upheld would give to a deed which is void in itself or which is based upon a void sale the effect to vest a good and perfect title in the purchaser of the property, contrary to the provision of article 8, section 13, of the Constitution.

In so far as article 518, Revised Statutes, makes the payment of taxes by the owner to the city, or to one who has purchased at a void sale or claims the property under a void deed, a condition precedent to his resisting the claim made upon his property under such void proceeding, it is violative of the Constitution of the State in the several particulars before mentioned as well as of section one of the fourteenth amendment of the Constitution of the United States. Cooley on Const. Lim., p. 453-454; Weller v. The City of St. Paul, 5 Minn., 95; Taylor v. Miles, 5 Kan., 498; Lassitter v. Lee, 68 Ala., 287; Baker v. Kelley, 11 Minn., 495; Groesbeck v. Seeley, 13 Mich., 343; Hart v. Henderson, 17 Mich., 218; Wright

v. Cradlebaugh, 3 Nev., 341; Wilson v. McKenna, 52 Ill., 44; Reed v. Tyler, 56 Ill., 288; Dunn v. Snell, 74 Me., 22.

We have found no case which can be fairly said to be in opposition to our conclusion. In Tennessee the Supreme Court, in the case of Tharp v. Hart, 2 Sneed, 569, held a similar law to be valid, but in that State the sale was made under a judgment of a court, and therefore the same rule would not apply because the judgment would bind the party as to whatever had transpired prior thereto. But the same court, in the case of Henderson v. Staritt, 4 Sneed, 470, held that, as to irregularities occurring after the judgment, the defendant could not be denied the right to make defense.

In the case of Craig v. Flanagin, 21 Ark., 319, suit was brought to redeem property sold for taxes and the court held that a failure to make the affidavit that the claimant had paid or tendered the taxes due upon the land was a good defense against his action, and held that a law which required such affidavit as a condition precedent to recovery was not unconstitutional. But in that case the suit seems to have been for the redemption of the property; besides, as in the case in Tennessee, there had been a judicial proceeding of some kind in reference to the sale before the deed was made. It was not a void title, for the court held that the title passed by the sale to the purchaser and that the redemption was a privilege granted to the owner.

Moore v. Byrd, Supreme Court of North Carolina, 23 S. E. Reporter, 968, was a suit by the property owner to recover certain lands sold for taxes under the laws of that State. The statute was very similar to our own,—in fact, almost identical in language,—prescribing that the party who resisted the tax deed must prove that he had paid all taxes due upon the property. The court held that law valid. From the report of the case we do not know what the provisions of the law of North Carolina were as to the sale of property for taxes, nor is it anywhere stated in the opinion that the proceeding in any of its parts was void, on the contrary the opinion rests upon the legal proposition stated by the court, that the State had passed the title from the property owner to the purchaser at the tax sale.

None of the cases that we have been able to find will sustain such a law as that in question, especially under the provisions of our Constitution and the rule laid down by our Supreme Court as to the effect of void tax sales and deeds.

We answer the second question, that the law, in so far as it requires the payment of taxes as a precedent to making a defense against a void claim of title under a tax sale, is unconstitutional and therefore the defendant could under such circumstances make his defense without either paying, offering to pay, or tendering the money into court. This answer to the second question makes it unnecessary for us to further answer the third question propounded.