**LAND v. BANKS.   (No. 449–3833) \***

(Commission of Appeals of Texas, Section A. Oct. 10, 1923.)

1. **Taxation ⊜⇒788(2) — Recitals in tax deed amounting to conclusions not proof of validity of tax sale.**

Recitals in a tax deed executed in 1881, that "having advertised said lands in the manner and for the time required by law," and "I did offer said lands for sale at public auction at the time, place, and in the manner required by law," under 8 Gammel's Laws, p. 1099, § 18, then in force, were mere conclusions of the collector, and not proof of the validity of the tax sale nor prima facie evidence of the truth of the facts recited in the deed.

2. **Taxation ⊜⇒734(1)—Strict compliance with statute necessary to validity of tax deed.**

Strict compliance with the statute is necessary to impart validity to a tax deed.

3. **Taxation ⊜⇒788(2)—Recitals in tax deed not proof of truth of same, though deed more than 40 years old and admissible as ancient instrument.**

Recitals in a tax deed that the land sold had been advertised "in the manner and for the time required by law," and that the sale was "at public auction at the time, place, and in the manner required by law," held not, by

reason of the fact that the deed at the time of trial was more than 40 years old and admissible as an ancient instrument, rendered competent and sufficient, in the absence of positive contradiction, to establish the truth of the same and supply proof of compliance with the law in such respects.

**4. Adverse possession ⊜⇒47—Filing of suit stops running of statute against plaintiff.**

The filing of a suit to try title to land stops the running of the statute of limitations in favor of defendant, and against plaintiff, though not as against other claimants adverse to defendant.

**5. Trespass to try title ⊜⇒41(1)—Plaintiff held not entitled to recover after showing uncertain interest in absence of proof that defendant was trespasser.**

In an action of trespass to try title to land where plaintiff claimed and established rights under a deed from heirs of one who had acquired the land as heir of his brother, but failed to establish that there were not other heirs of such deceased brother, *held*, that he had only proven a right to an undetermined interest in the land, and in the absence of proof that defendant was a trespasser, without any title at all, he was not entitled to recover the whole or any interest therein until such interest was definitely determined.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Stanley Banks against J. W. F. Land. Judgment for plaintiff was affirmed on appeal by the Court of Civil Appeals (241 S. W. 299), and defendant brings error. Judgments of district court and Court of Civil Appeals reversed, and case remanded.

Norman, Shook & Gibson, of Rusk, for plaintiff in error.

R. Bruce Banks and Stanley Banks, both of San Antonio, for defendant in error.

GALLAGHER, P. J. This was an action in trespass to try title brought by defendant in error, Stanley Banks, in the district court of Angelina county, against plaintiff in error, J. W. F. Land, to recover 369 acres of land off the south end of the James Moffett one-third league survey situated in said county. The petition described the land by specific metes and bounds. The parties will be designated as in the trial court. The defendant pleaded not guilty and the statutes of limitation of three and five years. He also pleaded improvements in good faith. There was a trial before the court and judgment for the plaintiff for the land, and for the defendant for improvements made thereon in good faith in the sum of $900. Defendant appealed, and the Court of Civil Appeals affirmed the judgment. 241 S. W. 299. The defendant applied for a writ of error, which was granted by the Supreme Court, and the case referred to us for examination and report.

The record shows that the parties both claimed the land under John Crutcher as a common source. An undivided one-half interest in said Moffett survey was conveyed to him by deed in 1854. He died in Fayette county, Tex., prior to or about the commencement of the Civil War. He was never married. One brother, Henry Crutcher, was shown to have survived him. The evidence fails to show affirmatively whether his parents, or either of them survived him, or whether he ever had any other brothers or sisters. Henry Crutcher died in 1876, and his wife, Mary D. Crutcher, and his daughter, Kate Crutcher Hudson, were his only heirs. Plaintiff claimed under deed from said heirs, which deed was dated October, 1919.

The interest of the Crutcher heirs in the Moffett survey was conveyed by J. C. Everitt, as tax collector of Angelina county, to H. G. Lane, by deed dated July 16, 1881, and described as 738 acres thereof. Defendant claimed the land sued for under successive deeds from said Lane. Said tax deed was admitted in evidence. Its validity and its sufficiency to convey the interest of the Crutcher heirs in said survey was the principal issue presented by defendant to the Court of Civil Appeals, and is the principal issue presented in his application for writ of error in the Supreme Court. The Court of Civil Appeals approved the following statements of fact.

"It was proven on the trial of the case that J. C. Everitt, the person who was tax collector at the time of the sale of the land in question for taxes, is dead and has been dead for more than 10 years. It was also proven on the trial of the case that J. B. Cochran and M. Stevens, who were tax assessors from and including 1878 and 1879 and to 1881, are dead, and have been dead for more than 10 years. It was also proven on the trial of the case that H. G. Lane was dead, and had been dead for 7 or 8 years. It was further proven upon the trial of the case that all the tax records of Angelina county, Tex., the tax rolls and renditions and tax records for the years 1878, 1879, 1880, and 1881, and back of that time, had been lost and destroyed by fire, which destroyed the whole courthouse.

"Defendant offered in evidence and proved from the commissioners' court records a due and legal levy and assessment of the county taxes for each year in the amount for which the property was sold, which, taken and added to the amount of the state taxes shown by the general laws at the time of the assessment, the sale being made for the exact amount shown to be levied for said years by general laws for state purposes, as shown by the records of the commissioners' court of Angelina county, Tex., for county purposes, without including any interest thereon on either amount. Defendant then introduced in evidence, and proved by certificate from the comptroller's office that the land had been duly rendered for and assessed for taxes by an agent of the John

Crutcher heirs and had been duly and legally assessed in all respects in accordance with the laws existing at said time, and due and proper return of same, and of delinquent record made to the commissioners' court of Angelina County, Tex., and to the comptroller of the state of Texas, in accordance with the laws governing such matters at the time said levy and assessment was made, and the amount shown as assessed by the assessor and returned to the comptroller, being as stated, the same amount as that shown in the deed for which sale was made, when the state levy was added to the levy made for county purposes. * * *

"It was further proven by the defendant that the state and county taxes, levied against the 728 acres of land described in assessment and tax deed, had never been paid for 1878 and 1879, nor by said plaintiff, Banks, or by the Crutcher heirs, either for 1878 or 1879, or for any years since said date, and that they amounted to $300.00 for said time."

The said tax deed was duly acknowledged by said Everitt in his official capacity and was shortly after its execution duly recorded. Said deed is here set out in full as follows:

"The State of Texas, County of Angelina.

"Know all men by these presents that whereas, certain taxes are due the state of Texas and the county of Angelina by Crutcher heirs, as assessed against them for the years 1878 and 1879, upon the following described tract or parcel of land, viz. seven hundred and thirty-eight acres of the James Moffett headright of land abstract No. 422, situated in the aforesaid county of Angelina and state of Texas, which taxes amounted to the sum of seven dollars and sixty-six cents, as appears from the tax roll of said county for the years 1878 and 1879; and whereas, the time provided by law for the payment of said taxes having expired and though demanded of the said Crutcher's heirs by proper legal notice, the same remaining unpaid, I, J. C. Everitt, tax collector of Angelina county, in compliance with the law and by virtue of the tax roll aforesaid, levied upon and seized certain tract of land as belonging to the said Crutcher's heirs and hereinafter described to be sold to make the same amount of said taxes yet unpaid, together with costs accrued and have advertised the said lands in the manner and for the time required by law; and whereas, in pursuance with the said advertisements I did offer said lands for sale at public auction at the time, place, and in the manner required by law, when H. G. Lane bid the sum of twelve dollars and sixty-six cents for 738 acres of said land, which sum being sufficient to make the said amount of said unpaid taxes, together with dollars, cents, penalties due, and five dollars ——— cents, costs accrued thereon and the costs of this deed which being the highest and best bid offered for the least number of acres of land, the same was struck off to him the said H. G. Lane:

"Now, therefore, for and in consideration of the sum of twelve dollars and sixty-six cents to me in hand paid, the receipt of which is hereby acknowledged, I have by virtue of the power vested by law and by these presents bargained, sold, transferred and conveyed, and by these presents do bargain, sell, transfer and convey unto him, the said H. G. Lane, his heirs all the right, title, interest and estate which the said Crutcher heirs had at the time when the assessment before mentioned was made to the following described tract or parcel of land, viz.: seven hundred and thirty-eight acres of James Moffett headright of land, abstract No. 422, situated in the aforesaid county of Angelina and state of Texas.

"To have and to hold unto him the said H. G. Lane, his heirs and assigns, the above and foregoing tract of land, together with all and singular the rights, privileges, and appurtenances to the same belonging, or in any way appertaining in fee simple forever, provided nevertheless that the said land herein conveyed may be redeemed by the said Crutcher heirs (owner), or by their heirs or their legal representatives, within two years from this date in the manner provided by law.

"Witness my hand and seal of office, this the sixteenth day of July, A. D. 1881.
"[Seal.]                     J. C. Everitt,
"Tax Collector of Angelina County."

[1] The law at the time of said tax sale required the tax collector to advertise all land levied on for sale for taxes in some newspaper published in the county for three successive weeks, or, if there was no newspaper in the county, by posting said advertisement for 30 days at the courthouse door and at three other public places in the county where said land was situated, describing the same as in the tax rolls, giving the name of the owner, together with the time, place, and terms of sale, and provided that such sale should be for cash to the highest bidder at public outcry at the courthouse door and that the same should be held during legal hours of sale on the first Tuesday in the month. 8 Gammel's Laws, p. 1098, § 16. There was no proof that such land was advertised for sale for such taxes, nor of the time, place, and manner in which such sale was made, unless, as contended by defendant, the recitals concerning the same in said deed constitute proof thereof. The recitals concerning the advertising of such sale is "and having advertised said lands in the manner and for the time required by law." The recital concerning the sale is:

"I did offer said lands for sale at public auction at the time, place, and in the manner required by law."

These recitals were mere conclusions of the officer making such sale and executing such deed. Henderson v. White, 69 Tex. 103, 104, 5 S. W. 374. No fact is recited concerning the contents of the notice of sale, nor whether the same was published in a newspaper for three weeks, or whether there being no newspaper in said county the same was posted for 30 days at the courthouse door and at three other public places in the county. There is no recital that the sale took place at the courthouse door within legal hours of sale on the first Tuesday of some particular month. The tax collector, in

levying on said land and advertising and selling the same, was exercising a naked statutory and special authority depending upon the prerogative of the state and the letter of the law for support. Hadley v. Tankersley, 8 Tex. 12, 19; Wofford v. McKinna, 23 Tex. 36, 41, 76 Am. Dec. 53.

[2] Strict compliance with the provisions of the law above set out was required to impart validity to said deed. Meredith v. Coker, 65 Tex. 29, 30, 31; Hadley v. Tankersley, supra. The recitals in the deed did not purport to show the required facts. They merely showed that said tax collector had, in his opinion, complied with the requirements of the law without any showing by which the correctness of such opinion could be tested.

The statute in force at the time of this tax sale provided that the tax collector should execute and deliver to the purchaser a deed to the real estate sold, and declared that such deed should vest a good and absolute fee in the purchaser but such statute did not make such deed either prima facie evidence of the validity of such sale or of the truth of the facts recited therein. 8 Gammel's Laws, p. 1099, § 18. The language thus used in declaring the effect of the tax deed is similar to the language used in a former statute. That statute was construed by the Supreme Court to be wholly insufficient to relieve the party claiming under such deed from alleging and proving that all the requirements of the law been strictly complied with in making such sale. Hadley v. Tankersley, 8 Tex. 12, 19–22.

[3] The deed under consideration was nearly 40 years old at the time of trial and admissible in evidence as an ancient instrument. Defendant insists that the recitals concerning advertising said land and selling the same contained therein were thereby made competent and sufficient, in the absence of positive contradiction, to establish the truth of the same and to supply the missing proof that the law was complied with in such respects. This contention was before our Supreme Court in the case of Telfener v. Dillard, 70 Tex. 139, 143, 7 S. W. 847, 850, et seq. We quote from that case as follows:

"Plaintiffs inherited the land from John J. Dillard, the original grantee. Neither they nor the Dillard estate was divested of the legal title by the tax deed of the sheriff unsupported by evidence that the tax laws in force at the time had been complied with. The legal title, after the tax deed was executed, nothing else being done towards a performance of the requirements of the law, authorizing the sale of the land by the collector of taxes, was left in the heirs of Dillard. Immediately after the execution of the deed it could not be said that it of itself had the effect to put the legal title in Ross, the vendee; lapse of time merely could not create a legal title, or make of that a legal title which was not before.

"The question then arises, would it be presumed after a lapse of forty years that the laws regulating the assessment and sale for taxes had been complied with, so as to supply the missing proof of the power in the officer to make the sale? We do not think it would. The maxim, 'Omnia presumunter rite esse acta,' does not apply to tax sales. It has been said that there are so few instances in which the law is strictly complied with that the presumption is the other way. Waldron v. Tuttle, 3 N. H. 340. It is difficult to see how such a presumption could be made easier by lapse of time.

"The act of 1840, under which the deed in question was made, which declares that the deed of the sheriff shall be good and effectual in law and equity, has been construed by Chief Justice Hemphill, and it was held that the purchaser must allege and prove that all the essentials of the law were complied with. Hadley v. Tankersley, 8 Texas, 17, 18. There is no distinction to be made, then, in the deed in question and an ordinary tax collector's deed.

"In New York it was held in the case of Westbrook v. Willey that mere lapse of time before the bringing of an action, where possession of defendant under the comptroller's tax deed was not for sufficient length of time to bar an action under the statute of limitation, would not justify the presumption that the requirements of the act had been complied with. In that case the deed was more than thirty years old, and possession under it some thirteen years before suit. The court say that had possession followed the deed for thirty years the rule would be different. 47 N. Y. 461.

"In Waldron v. Tuttle, 3 New Hampshire, 344, the deed was over forty years old, and the claimant had occasionally entered upon the premises. The court say: 'A possession, to be the ground of any presumption in favor of such title, must be long open and undisturbed, and adverse to the title of the former owner; and we are of opinion that in no case can a jury be permitted to presume from the mere production of a collector's deed and from proof of possession under it that the sale was legal. The presumption is in fact against their validity. * * * And in no case can the purchaser be permitted to rely upon possession as evidence, even of particular facts, until he has shown that the common and ordinary evidence of such facts has been probably lost by time and accident and is not to be found.'"

Telfener, appellant in that case, acquired the title, if any, of the vendee in the tax sale by deed dated December, 1881. He relied on a claim of possession to support the tax deed. The court, in passing on that issue, said:

"In 1882 he had large quantities of timber cut, and also in 1884, up to the time he delivered the road to the company. We do not think such possession sufficient to give validity to the tax deed under which he claimed, notwithstanding it was over forty years old at the time the suit was instituted. The deed was old enough, but there was no possession under it for nearly forty years after it was executed. We do not intend to say what length of time, accompanied with possession, would give sanctity to a tax deed so that it would per se convey the title of the delinquent taxpayer. We only intend to say that the circumstances of this case and

the antiquity of the deed would not relieve the purchaser or his vendee from the necessity of proving the facts ordinarily required to establish the validity of such a deed."

The record in this case shows that a party claiming the land sued for under the vendee in said tax deed sold some timber off the same about the year 1901 and that the purchaser of such timber built a tramway on some part of the land and that such tramway remained there about a year. Defendant bought the land in May, 1913, and in September of the same year cleared and fenced about 12 acres thereof. He had actual and continuous possession of the same from that time. This suit was filed in October, 1917. Twenty years elapsed after the execution of the tax deed before the sale and removal of the timber above referred to. Thirty-two years had elapsed before defendant took and maintained continuous possession thereof. Such possession had continued only about four years at the time this suit was instituted. We do not think that the title of the heirs of John Crutcher to the land sued for was shown by the evidence to have been divested by said tax deed. Telfener v. Dillard, 70 Tex. 139, 143, et seq., 7 S. W. 847; 26 R. C. L. p. 422, § 380; Id. p. 428, § 383, and authorities there cited.

[4, 5] Plaintiff proved that Mary D. Crutcher and Kate Crutcher Hudson, under whom he claimed, were the only heirs of Henry Crutcher and that he was an heir of John Crutcher. He did not prove, nor does the evidence anywhere show, that Henry Crutcher was the only heir of John Crutcher's estate. The defendant in an amended answer filed April 29, 1921, claimed the land sued for under the five-year statute of limitation. The proof sustains such plea, except as to the claim of plaintiff asserted in this suit, which was filed October 26, 1917. The filing of this suit stopped the running of the statute as to plaintiff, but not as to other heirs, if any, of John Crutcher, nor as to parties claiming under such heirs. Stovall v. Carmichael, 52 Tex. 383, 389, 390; Cobb v. Robertson, 99 Tex. 138, 147, 86 S. W. 746, 87 S. W. 1148, 122 Am. St. Rep. 609.

Plaintiff sued in his own right for recovery of the entire title to and exclusive possession of the land in controversy. He proved that he had title to some part of the land but did not prove that he had title to all of it. Neither did he prove, nor does the evidence otherwise show, that defendant was a trespasser without any title at all. We quote from the case of Steddum v. Kirby Lumber Co., 110 Tex. 513, 524, 525, 221 S. W. 920, 924, as follows:

"It is only as against a trespasser that one tenant in common is entitled to recover the exclusive possession of the entire land. He is not entitled to evict a defendant in possession by merely showing the ownership of his own particular undivided interest. Before he can evict him and thus appropriate the exclusive possession, he must show that he is a trespasser and therefore justly subject to eviction. Davidson v. Wallingford so holds, and correctly states the rule."

The trial court erred in rendering judgment in favor of plaintiff. Upon another trial it will be incumbent upon plaintiff, before he can recover the entire land, to show that he is exclusive owner thereof, or that defendant is a trespasser without any title at all. In the absence of a showing that defendant is a trespasser without title, plaintiff, in order to recover on proof of an undivided interest in the land, must show that he holds title to some definite interest therein, and he can recover only to the extent of the interest so shown. Steddum v. Kirby Lumber Company, supra. We recommend that the judgments of the district court and Court of Civil Appeals be both reversed, and that the case be remanded to the district court for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.