

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

April 27, 1949

Hon. William S. Fly, Chairman
House Judiciary Committee
Fifty-first Legislature
Austin, Texas

Opinion No. V-815

Re: The constitutionality of
H. B. 484 to validate sum-
mary delinquent tax sales
previously made by tax
collectors of counties, cit-
ies, and other governmen-
tal subdivisions.

Dear Mr. Fly:

Your letter of April 12, 1949, is as follows:

"The Judiciary Committee took up for considera-
tion H. B. 484 Monday, April 11, 1949.

"It is my understanding that the City of Cleburne
and other cities have sold certain properties for delin-
quent taxes under a 1931 Act of the Legislature per-
mitting summary sales.

"This legislation attempts to validate those sales
which I understand were declared invalid in several
decisions towit: Duncan v. Gabler 215 S.W.2d 155 and
School District v. Mexia 133 S.W.2d 118.

"The Judiciary Committee asks you for your opin-
ion as to whether the Legislature has the power to val-
idate these summary sales made under the invalid Act
of 1931."

You thus present for the opinion of this office the con-
stitutionality of H. B. 484, 51st Legislature.

It has been definitely settled by the Supreme Court of
this State that since the effective date of Article 7328a, V.C.S.,

enacted in 1929, summary sales of real estate for delinquent taxes are unauthorized. This statute is as follows:

"Section 1. That all sales of real estate made for the collection of delinquent taxes due thereon shall be made only after the foreclosure of tax lien securing same has been had in a court of competent jurisdiction in accordance with existing laws governing the foreclosure of tax liens in delinquent tax suits.

"Sec. 2. All laws and parts of laws in conflict with the provisions of this Act be and the same are hereby repealed."

In the case of Duncan v. Gabler, 215 S.W.2d 155 (Tex. Sup. 1948) Associate Justice Smedley said:

"The amendment of Section 13 in 1932 was not self-executing. It contemplated and required legislation to provide for 'speedy sale, without the necessity of a suit in Court' . . . . There has been no such legislation since the amendment was adopted. And since the Act of 1929 repealed all statutes then in effect that provided for sales for the collection of delinquent taxes without suit and foreclosure, there is now no statute authorizing the sale of land for delinquent taxes except after foreclosure of the tax lien in a court."

It therefore necessarily follows that since the effective date of Article 7328a, supra, which repealed all prior statutes authorizing summary sales of real estate for delinquent taxes, there has not existed in this State any statutory authority for summary sales. Summary sales made since the effective date of this statute are therefore absolutely void, and pass no title to the purchaser; and this regardless of whether a taxing unit or private individual becomes the purchaser. Title remains vested in the owner, unaffected by the sale or the execution and delivery of the deed. This being true, we must hold that the Legislature does not have the authority to validate summary tax sales which were void at their inception. The Legislature has no power to pass a law divesting the title to property out of one person and giving it to another. Article XIV, Section 1, of the Constitution of the United States, provides in part as follows:

". . . nor shall any state deprive any person of life, liberty, or property without due process of law . . ." (Emphasis ours)

Article I, Section 19, of the Constitution of the State of Texas provides in part as follows:

"No citizen of this State shall be deprived of . . . property . . . except by the due course of the law of the land."

This bill violates both of the foregoing constitutional provisions.

We are fortified in our conclusion by the decisions of the Supreme Court of this State and by the Supreme Court of the United States. We direct attention to the case of Eustis v. City of Henrietta, 90 Tex. 468, 39 S.W. 567 (1897) in which a void tax sale was involved, and the construction of a remedial statute somewhat similar in effect as this bill. The Supreme Court, speaking through Associate Justice Brown, said:

"If the sale was void, it was as if no sale had been made.

" . . .

" . . . Such a law, if upheld, would give to a deed which is void in itself, or which is based upon a void sale, the effect to vest a good and perfect title in the purchaser of the property, contrary to the provision of section 13 of article 8 of the constitution. In so far as article 518, Rev. St. 1895, makes the payment of taxes by the owner to the city, or to one who has purchased at a void sale or claims the property under a void deed, a condition prededent to his resisting the claim made upon his property under such void proceeding, it is violative of the constitution of the state in the several particulars before mentioned, as well as of section 1 of the fourteenth amendment of the constitution of the United States . . . ."

Since the summary sale was made without authority of law, the Legislature could not divest title out of the then owner. That would be a taking "without due process of law."

The rule is stated in general terms in the case of Campbell v. Holt, by the Supreme Court of the United States, 115 U. S. 620, (1896):

"It may, therefore, very well be held that in an action to recover real or personal property, where the

question is as to the removal of the bar of the Statute of Limitations by a legislative Act passed after the bar has become perfect, such Act deprives the party of his property without due process of law. The reason is, that, by the law in existence before the repealing Act, the property had become the defendant's. Both the legal title and the real ownership had become vested in him, and to give the Act the effect of transferring this title to plaintiff would be to deprive him of his property without due process of law."

We deem the foregoing sufficient clearly to show that this bill if passed would be unconstitutional, and you are, therefore, accordingly so advised.

## SUMMARY

Since the effective date of Article 7328a, V.C.S., there has been no statutory authority in this State for the sale of real estate for delinquent taxes by summary sales, and such sales are absolutely void and pass no title to the purchaser. The Legislature has no constitutional power to validate such sales. The same would violate Article XIV, Section 1, of the Federal Constitution, and Article I, Section 19 of the Constitution of Texas. Duncan v. Gabler, 215 S.W.2d 155; Eustis v. City of Henrietta, 90 Tex. 468, 39 S.W. 567; Campbell v. Holt, 115 U.S. 620.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By E. P. Lollar
Assistant

LPL:amm:mwb

APPROVED

Price Daniel

ATTORNEY GENERAL