In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-106 CV


______________________


 


JOHN K. HARRISON HOLDINGS, LLC, Appellant



V.



RICHARD M. STRAUSS, TRUSTEE A/K/A


R. M. STRAUSS, TRUSTEE AND JAMES WINKLER, TRUSTEE, Appellees






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 03-02-00816 CV






OPINION


 This case involves competing ownership claims to a real estate lot in Montgomery
County. We affirm the trial court's judgment.

Background


 Taxes on the lot were not paid from 1986 through 1992. The taxing units filed suit
to recover delinquent taxes and obtained a judgment. A tax sale of the lot was held in 1996. 
Appellee R. M. Strauss, in his trustee capacity, purchased the property from James Winkler,
trustee, the purchaser of the property at the tax sale. 

 Appellant John K. Harrison Holdings, LLC claimed ownership of the lot through a
2001 quitclaim deed, and asserted the claim in a lawsuit filed against Strauss in February
2003. Although Harrison describes its claim as a "cause of action [to] quiet title[,]" the suit,
in effect, is a challenge to the validity of the tax sale. Harrison argues the 1995 tax judgment
and the 1996 constable's deed did not pass title to Strauss's predecessor, because the "named
defendants [in the tax suit] had no ownership interest in the property[.]" Further, Harrison
argues the tax judgment and sale are void, "because known and/or record owners of the
property at the time were not made parties to the tax suit or notified of the sale." Finally,
Harrison contends the Tax Code "limitations provisions" are unconstitutional. (1) 

Analysis


 We begin with issue three, the issue in which Harrison attacks the constitutionality of
the Tax Code limitations provisions, because those provisions govern issues one and two. 
Strauss pled a limitations defense under sections 34.08(b) and 33.54 of the Texas Tax Code. 
See Tex. Tax Code Ann. §§ 33.54, 34.08(b) (Vernon 2001). Section 34.08 provides in part
as follows: 

 (b) A person may not commence an action challenging the validity of a tax
sale after the time set forth in Section 33.54(a)(1) or (2), as applicable to the
property, against a subsequent purchaser for value who acquired the property
in reliance on the tax sale. The purchaser may conclusively presume that the
tax sale was valid and shall have full title to the property free and clear of the
right, title, and interest of any person that arose before the tax sale, subject
only to recorded restrictive covenants and valid easements of record set forth
in Section 34.01(n) and subject to applicable rights of redemption. 


The applicable portions of section 33.54 provide as follows:

 (a) Except as provided by Subsection (b), an action relating to the title to
property may not be maintained against the purchaser of the property at a tax
sale unless the action is commenced:

 (1) before the first anniversary of the date that the deed executed to the
purchaser at the tax sale is filed of record; 

 . . . .

 (b) If a person other than the purchaser at the tax sale or the person's
successor in interest pays taxes on the property during the applicable
limitations period and until the commencement of an action challenging the
validity of the tax sale and that person was not served citation in the suit to
foreclose the tax lien, that limitations period does not apply to that person.

 (c) When actions are barred by this section, the purchaser at the tax sale or
the purchaser's successor in interest has full title to the property, precluding
all other claims. 


The Constable's Deed was filed of record on June 19, 1996. Harrison did not obtain the
quitclaim deed until 2001 and did not file suit against Strauss until 2003; neither Harrison
nor its predecessors-in-title filed suit within one year of the 1996 filing of the Constable's
Deed. Harrison only paid taxes for 2002. The requirement of section 33.54(a)(1) was not
met. Subsection (b) does not apply because no tax payment was made by Harrison's
predecessors-in-title, or by Harrison, during the applicable limitations period. The limitations
provisions preclude Harrison's claim. See Jordan v. Bustamante, 158 S.W.3d 29, 39-40
(Tex. App.--Houston [14th Dist.] 2005, pet. denied) (Limitations provision in section 33.54
barred action challenging tax sale purchaser's title.). 

 In its brief, Harrison says the limitations provisions "would appear to equally validate
tax deeds which convey nothing and tax deeds which are void," but it contends the statutes
are "unconstitutional as applied to an owner who is not a party to the tax judgment." An
analysis of a statute's constitutionality begins with a presumption of validity. In re
Commitment of Fisher, 164 S.W.3d 637, 645 (Tex.), cert. denied, ___ U.S. ___, 126 S.Ct.
428, 163 L.Ed.2d 326 (2005). The burden is on the party attacking the statute to show the
statute is unconstitutional. See Walker v. Gutierrez, 111 S.W.3d 56, 66 (Tex. 2003). 

 In an "as-applied" constitutional challenge, the reviewing court evaluates the statute
as it operates in practice against the particular plaintiff. Tex. Mun. League Intergovernmental
Risk Pool v. Tex. Workers' Comp. Comm'n, 74 S.W.3d 377, 381 (Tex. 2002). The chain of
title here is a complicated one. There is a non-judicial foreclosure in 1983, which was
challenged in a 1985 wrongful foreclosure suit that a court later dismissed for want of
prosecution. One of the corporations in the chain of title forfeited its charter in 1987 prior
to the suit for foreclosure of the tax lien. Apparently, one section of the property at issue, Lot
10A, was carved out of Lot 10. The descriptions of Lot 10 and Lot 10A in some of the deeds
and the listings on the tax rolls may have been incorrectly interchanged. Some entities in the
chain of title appear to have deeded more property than they had the authority to deed. One
1983 deed was not recorded until 2002. At the time the taxing unit instituted suit for the
delinquent taxes, the chain of title appears to indicate conflicting ownership. When Strauss
disclaimed any interest in the property, the taxing units amended the suit to add
Commonwealth Land, a predecessor-in-title, as a party. There appear to be discrepancies in
the tax rolls and in the deeds. What is clear is that no taxes were paid on the property by
anyone, including Harrison's predecessors-in-title, between 1986 and 1992. 

 Section 33.54(b) provides a means for a person -- "not served citation in the suit to
foreclose the tax lien" -- to avoid application of the statutory limitations period by paying the
property taxes during that "period and until the commencement of an action challenging the
validity of the tax sale. . . ." It is reasonable to expect one claiming an ownership in property
to pay the taxes on the property to avoid the limitations bar. No taxes were paid on the
property by Harrison or its predecessors until 2002. Although section 33.54(b) provides a
means of avoiding the bar of limitations, neither Harrison nor its predecessors availed
themselves of it. Statutes of limitations serve to further the policy that one must diligently
pursue legal rights at the risk of losing them if they are not timely asserted. City of Murphy
v. City of Parker, 932 S.W.2d 479, 481-82 (Tex. 1996). As applied, sections 33.54 and
34.08(b) are not unconstitutional. 

 Harrison also failed to comply with section 34.08(a) of the Tax Code. See Tex. Tax
Code Ann. § 34.08(a). Harrison asserts an "as-applied" constitutional challenge to section
34.08(a). The statute requires a party challenging the tax sale to deposit into the trial court's
registry an amount equal to the delinquent taxes, penalties, and interest specified in the tax
lien foreclosure judgment, or file "an affidavit of inability to pay under Rule 145, Texas
Rules of Civil Procedure." See Tex. Tax Code Ann. § 34.08(a). Though the court provided
Harrison with an opportunity to satisfy the requirement, Harrison did not. 

 Harrison relies on Eustis v. City of Henrietta, 90 Tex. 468, 39 S.W. 567, 569 (1897). (2) 
There, the City employed a summary tax sale procedure without suit or judgment and sold
the property. See City of Henrietta v. Eustis, 87 Tex. 14, 26 S.W. 619, 619-20 (1894). The
costs assessed for the sale exceeded the correct amount. See id. Subsequently, the City sued
the Eustises for trespass to try title in order to recover the land sold for taxes. Id. at 619. 
Although the City's suit was not a challenge to the tax sale, the Eustises defended their
ownership despite the sale. The Supreme Court explained that a purchaser at a tax sale --
where requirements of the law are not complied with -- acquires "neither title nor any right
whatever" against the owner of the property. Eustis, 39 S.W. at 569. The Court explained,
"In so far as article 518, Rev. St. 1895, makes the payment of taxes by the owner to the city,
or to one who has purchased at a void sale or claims the property under a void deed, a
condition precedent to his resisting the claim made upon his property under such void
proceeding, it is violative" of the state and federal constitutions. Eustis, 39 S.W. at 569. "In
plain words, his property would be declared forfeited and taken from him without any
judicial investigation." Id. 

 Eustis is distinguishable. The statute involved in this case is different and there was
no summary tax sale procedure. Here, the taxing entities sued to foreclose the tax lien on the
property, joined certain defendants, and obtained a judgment. There was notice by
publication of the sale. The statute provides a means for a person not joined in the
proceeding to contest the tax sale within one year, or longer if taxes were being paid by the
person prior to commencement of the proceeding attacking the sale. Several years after the
tax deed was filed as a matter of record, and without any payment of taxes by its predecessor-in-title, Harrison obtained a quitclaim deed and then sued the successor-in-interest to the
purchaser at the tax sale. Without complying with the statutory requirement, Harrison, in
effect, sought to challenge the validity of the tax judgment, sale, and deed. 

 We consider whether the deposit or affidavit requirement under section 34.08(a) 
imposes an unreasonable financial requirement on access to the courts, and whether the
legislative purpose outweighs any interference with access. See Cent. Appraisal Dist. of
Rockwall County v. Lall, 924 S.W.2d 686, 689-90 (Tex. 1996); R Commc'ns , Inc. v. Sharp,
875 S.W.2d 314, 315 (Tex. 1994); Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 449 (Tex. 1993). In the Texas Tax Code, the Legislature has implemented a tax
collection process that seeks to ensure taxes are paid, and to provide a system of selling the
property to obtain delinquent taxes. The Tax Code provides that if a tax sale is determined
to be void or defective, "[t]he purchaser at a void tax sale . . . is subrogated to the rights of
the taxing unit in whose behalf the property was sold. . . ." Tex. Tax Code Ann. § 34.07(a)
(Vernon 2001). "In lieu of pursuing the subrogation rights," the purchaser may elect to sue
the taxing entities, within a limitation period, to recover as provided by the statute. Id. at (d),
(f). Therefore, the State has a legitimate interest in requiring a party challenging the tax sale
to deposit the taxes into the registry of the court. Harrison did not file an affidavit of inability
to pay. Appellant does not contest the amount of the deposit or that taxes were unpaid;
rather, it contests the requirement of any deposit. In Central Appraisal District, 924 S.W.2d
at 690, the Supreme Court found constitutional a required deposit of admittedly-due taxes,
before a person could make a judicial challenge to the tax assessment. The tax provisions
are constitutional as applied here. Issue three is overruled. 

 In issue one, Harrison argues the constable's deed conveyed, as the statute states, only
the interest "owned by the defendant in the property subject to the foreclosure[.]" See Tex.
Tax Code Ann. § 34.01(n) (Vernon Supp. 2006). Harrison contends the defendants in the
tax lien foreclosure suit owned no interest in the property, and therefore the constable's deed
could not have conveyed the property to the grantee through that deed. Nevertheless, the
judgment foreclosed a lien on property that includes, as Harrison acknowledges, the metes
and bounds description of the property in question; the recorded deed on its face purports to
convey the property described. It is undisputed no taxes were paid by Harrison's
predecessors-in-title. The tax deed was recorded before Harrison obtained the quitclaim
deed. The Tax Code provides for challenges to tax sales by persons not served. See Tex.
Tax Code Ann. § 34.08 (Vernon 2001). A challenge must be timely filed, and must be
accompanied by a deposit of the taxes into the registry of the court or an affidavit of inability
to pay. See Tex. Tax Code Ann. §§ 34.08(a), 33.54 (Vernon 2001). Harrison did not
comply with the statute. Issue one is overruled. 

 In issue two, Harrison contends the tax suit judgment and sale of the property are void,
because known and recorded owners of the property were not made parties to the judgment
or notified of the sale. The parties stipulated there was notice of the sale by publication prior
to the sale. The failure to join all interested parties in a suit for delinquent taxes does not
deprive the trial court of the power to render a valid judgment against those actually named. 
 Jordan v. Bustamante, 158 S.W.3d 29, 38-39 (Tex. App.--Houston [14th Dist.] 2005, pet.
denied); Loper v. Meshaw Lumber Co., 104 S.W.2d 597, 599-600 (Tex. Civ. App.--Eastland
1937, writ dism'd). Even if all the parties claiming ownership were not joined in the suit, the
judgment would not be entirely void. See Jordan, 158 S.W.3d 38-39. The Tax Code
provides a method for those not bound by the judgment to challenge the validity of the tax
sale. The statute requires that the person show payment of the taxes owed during the
limitations period and prior to commencement of the lawsuit in order to avoid the limitations
bar. Harrison's predecessors did not pay taxes on the property, and the statute barred an
attack on the tax sale deed before Harrison obtained the quitclaim deed. Issue two is
overruled.

 Because Harrison did not comply with the Tax Code's requirements for its challenge,
the trial court properly denied Harrison's claim. The trial court's judgment is affirmed. 

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on November 16, 2006

Opinion Delivered March 22, 2007


Before Gaultney, Kreger, and Horton, J.J. 
1. The parties stipulated to the facts and submitted the case to the trial court for a
decision on the law. Harrison now argues the procedure was not in compliance with the
Rules of Civil Procedure because, other than the "supplemental motion" for summary
judgment filed by Harrison, no written motion for summary judgment was filed. Harrison
agreed to the procedure followed by the trial court, however. Appellant made no complaint
about the procedure before the trial court. The issue was not preserved for appeal. See Tex.
R. App. P. 33.1; see also, generally, Tex. R. Civ. P. 263 ("Agreed Case").
2. The case is cited in appellant's reply brief. We see nothing in the record to indicate
Harrison relied on Eustis in the trial court, or brought Eustis to the attention of the trial court.