COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE W.L. PICKENS GRANDCHILDREN'S JOINT VENTURE, | § | |
| | § | No. 08-06-00314-CV |
| Appellant, | § | Appeal from the |
| v. | § | 143rd District Court |
| | § | of Loving County, Texas |
| DOH OIL COMPANY, DAVID HILL, AND ORVEL HILL, | § | (TC#05-07-733-CVL ) |
| Appellees. | § | |

**O P I N I O N**

This property dispute involves a one-eighth mineral interest in Loving County. The W.L. Pickens Grandchildren's Joint Venture sued to invalidate a sheriff's deed transferring title to the mineral interest to DOH Oil Company ("DOH"). The trial court granted summary judgment in DOH's favor. There are two issues: (1) DOH did not acquire title through the tax foreclosure sale; and (2) the suit is not barred by limitations.

On October 21, 1963, W.L. Pickens acquired title to a one-eight interest in the minerals under 667.5 acres of land in Loving County. The W.L. Pickens Joint Venture ("Joint Venture") was created on December 28, 1976, in order to acquire, own, and operate the venture property for the benefit of W.L. Pickens' descendants. Joint Venture acquired the mineral interest by a quitclaim deed, signed by both W.L. and Ruth Gardner Pickens on the date the entity was created. Both deeds were recorded in the Loving County deed records. Joint Venture is located in Dallas, Texas.

Joint Venture failed to pay taxes on the property in 1994 and 1995. On January 28, 2000, Loving County and Wink-Loving Independent School District filed suit for the unpaid taxes. The Joint Venture was not listed as a party in the tax foreclosure suit. Due to an addressing error, the entity never received notice of the suit. The foreclosure defendants were cited by posting on May 5, 2000. The property at issue in this case was listed under the name, "Pickens Grandchildren" in the posted citation. A trial was held on October 3, 2000, during which the "posting defendants" were represented by an attorney ad litem. Following a bench trial, the property was ordered sold by sheriff's sale. DOH purchased the mineral interest by public auction on March 6, 2001. DOH filed the sheriff's deed on July 20, 2001.

Joint Venture did not challenge the foreclosure until July 5, 2005, when it filed this action against DOH to recover the property. Both parties moved for summary judgment. The Joint Venture argued that DOH's deed was void as a matter of law due to the taxing entities' failure to name it in the foreclosure suit, and government's failure to serve the record owner with citation. DOH responded by arguing: (1) that Joint Venture's claim was an impermissible collateral attack in the 2000 judgment; and (2) that the statute of limitations barred Joint Venture's challenge and allowed DOH to presume it had acquired superior title at the foreclosure sale. The trial court granted summary judgment in DOH's favor.

*Standard of Review*

Summary judgment is reviewed *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The reviewing court must take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve all doubts in favor of the nonmovant. *Id.* When both parties move for summary judgment and the trial court grants one

motion and denies the other, the reviewing court must consider the summary judgment evidence presented by both sides and determine all the questions presented. *See id*. Should the reviewing court determine the trial court's judgment was entered in error, it will render the judgment the trial court should have rendered. *See id*.; *FM Prop. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000). When the trial court does not specify the grounds on which it relied in granting a summary judgment, the reviewing court will affirm if any of the grounds presented is meritorious. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995).

*Statute of Limitations*

We begin with Joint Venture's second issue in which the entity argues that DOH failed to establish, as a matter of law, that the statute of limitations barred Joint Venture's trespass to try title action. A defendant moving for summary judgment on a statute of limitations defense must establish as a matter of law: (1) when the cause of action accrued; and (2) negate the discovery rule if it applies and has been otherwise plead or raised. *See KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The Texas Tax Code provides the statute of limitations for challenging the validity of a tax sale. *See* TEX.TAX CODE ANN. §§ 33.54, 34.08(b)(Vernon 2008). Pursuant to Section 33.54:

(a)     Except as provided by Subsection (b), an action relating to the title to property may not be maintained against the purchaser of the property at a tax sale unless the action is commenced:

(1)     before the first anniversary of the date that the deed executed to the purchaser at the tax sale is filed of record; or

(2)     before the second anniversary of the date that the deed is executed to the purchaser is filed of record, if on the date that the suit to collect the delinquent tax was filed the property was:

> (A) the residence homestead of the owner; or
>
> (B) land appraised or eligible to be appraised under Subchapter C or D, Chapter 23.
>
> (b) If a person other than the purchaser at the tax sale or the person's successor in interest pays taxes on the property during the applicable limitations period and until the commencement of an action challenging the validity of the tax sale and that person was not served citation in the suit to foreclose the tax lien, that limitations period does not apply to that person.

TEX.TAX CODE ANN. § 33.54.

Joint Venture contends the trial court erred in granting summary judgment on DOH's statute of limitations defense on three grounds. First, Joint Venture argues that Section 33.54 does not apply to an entity who was not a party to the underlying tax suit. Second, Joint Venture asserts that if the provision does apply, it violates the open courts provision of the Texas Constitution. Finally, Joint Venture argues that a genuine issue of material fact remains pursuant to the discovery rule.

**"Open Courts" Challenge**

Article I, section 13 of the Texas Constitution provides: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX.CONST. art. I, § 13. A statute that unreasonably or arbitrarily abridges a person's right to obtain redress for an injury is a violation of the open courts provision. *See Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). The provision protects Texans from legislative acts that cut off an individual's right to sue before there is a reasonable opportunity to discover the wrong and bring suit. *See id*. To establish an open courts violation a claimant must show: (1) a cognizable, common-law claim that is statutorily restricted; and (2)

-4-

the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis. *Yancy v. United Surgical Partners Intern., Inc.*, 236 S.W.3d 778, 783 (Tex. 2007).

Joint Venture's open courts challenge is two-fold. First, the entity argues that the statute of limitations, violates Article I, sec. 13, because it denied a property owner a right to be heard therefore violating the individual's constitutional right to a remedy by due course of law. In support of this argument, Joint Venture cites *Eustis v. City of Henrietta*, 90 Tex. 468, 39 S.W. 567 (1897), for the proposition that a proceeding which denies a property owner the right to be heard in court denies that individual the constitutional right to a legal remedy. *See Eustis*, 39 S.W. at 569. However, in so holding, the Court in *Eustis* was considering a hypothetical proceeding in which a taxing entity could acquire or recover property on which taxes had not been paid without the formality of a sale or conveyance. *Id*. The Court concluded that such a summary proceeding, "would deny the citizen the right to be heard in court, refusing him the constitutional privilege of a remedy by due course of law for an injury to his right of property." *Id*. The opinion continues, "[i]n plain words, his property would be declared forfeited, and taken from him, without any judicial investigation." *Id*. In the case before us, although Joint Venture has challenged the judgment, there is no dispute that the tax delinquency was submitted to a court of law. Therefore, the concerns raised in *Eustis* are not present here.

The Beaumont Court of Appeals considered a similar argument against the application of Section 33.54 earlier this year. *See John K. Harrison Holdings, L.L.C. v. Strauss*, 221 S.W.3d 785, 788-89 (Tex.App.--Beaumont 2007, pet. denied). The property at issue in *Strauss* was a lot in Montgomery County. *Id*. at 787. Taxes were not paid between 1986 and 1992. *Id*. In 1996, the taxing unit obtained a judgment and sold the property to Strauss's predecessor in interest. *Id*.

Harrison Holdings filed suit against Strauss in 2003, claiming ownership of the lot through a 2001 quitclaim deed.[1]  *Id*.  On the issue of the constitutionality of the limitations provision, the reviewing court determined that Section 33.54(b) provides, "a means for a person -- not served citation in the suit to foreclose the tax lien -- to avoid application of the statutory limitations period by paying the property taxes during that period and until the commencement of an action challenging the validity of the tax sale." [Internal quotations omitted].  *Id*. at 789, *quoting* TEX.TAX CODE ANN. § 33.54(b).

We agree with the analysis in *Strauss*.  Regardless of who was named and served with citation in the tax suit, Section 33.54 gave Joint Venture the opportunity to challenge the validity of DOH's deed.  *See* TEX.TAX CODE ANN. § 33.54.  In addition, the statue of limitations could have been tolled to the extent the entity proved it paid taxes on the property during the limitations period, and until July 2005, when it filed its action challenging the sale.  *See id*.  Joint Venture has not attempted to utilize Section 33.54(b) in its brief to this Court, nor did it argue that the tolling provision applied in the summary judgment proceeding below.

The entity also argues Section 33.54 violates Article I, sec. 13 because the provision, "makes it impossible for the plaintiff to enforce its rights due to an absence of a reasonable time in which to discover the existence of the wrong."  Joint Venture does not explain why it is unreasonable for the Legislature to expect a property owner to exercise its right to challenge a tax sale within the one-year time limit, or to continue to pay property taxes (as in a case where the

---

[1] Harrison Holdings argued that the tax sale and deed did not transfer title to Strauss's predecessor, because:  (1) the named defendants in the tax suit did not have an interest in the property; (2) the record owners of the property were not made parties to the tax suit or notified of the sale; and (3) the tax code limitations provisions were unconstitutional.  *See Strauss*, 221 S.W.3d at 787.

property owner is unaware of the foreclosure), tolling the statute of limitations until an action can be filed. In sum, Section 33.54 does provide a mechanism for a property owner, injured by a flawed tax foreclosure, to recoup its property. *See Strauss*, 221 S.W.3d at 789. Joint Venture has not established that the one-year limitations period is unreasonable or arbitrary. Therefore its open courts challenge must fail. *See Yancy*, 236 S.W.3d at 783.

## Discovery Rule

We now turn to Joint Venture's argument that DOH failed to negate the discovery rule. The discovery rule is a limited exception which tolls the accrual of a cause of action which applies if, "the nature of the injury incurred is inherently undiscoverable and the evidence of the injury is objectively verifiable." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006), *quoting Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996). Joint Venture has not provided, and we have been unable to find Texas precedent applying the discovery rule to the statute of limitations at issue here. Therefore, our first task is to determine whether the exception is applicable.

The discovery rule is a judicially created exception which, in certain limited circumstances, is applied to identify when a cause of action accrues. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 353 (Tex. 1990). To a great extent, the question of whether the discovery rule applies is a matter of statutory construction. *See id*. As always, our goal when construing a statute is to give effect to the Legislature's intent. *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). We begin our analysis with the plain meaning of the statutory language. *Id*. When the plain meaning of a statute of limitations specifies an event or date as triggering accrual, the judiciary does not have the authority to alter that date or event by

-7-

imposing the discovery exception. *See Moreno*, 787 S.W.2d at 353. To do so would violate the separation between the Legislature, as statute-maker, and the judiciary, whose only task is to implement the Legislature's intent. *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 690 (Tex. 2007), *citing McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003); *see also Stiles v. Union Carbide Corp.*, 520 F.Supp. 865, 867-68 (S.D.Tex. 1981)(when the "Legislature has clearly and unequivocally prescribed that a cause of action accrues on the occurrence of a specified event, the courts are without power to fashion a different rule . . . .").

The plain language of Section 33.54(a) specifically identifies, "the date that the deed executed to the purchaser at the tax sale is filed of record;" as triggering the limitations period for an action to challenge a tax sale. *See* Tex.Tax Code Ann. § 33.54(a)(1). This language is a clear and unambiguous statement of the Legislature's intent to limit tax sale challenges to those brought within one year of the date the purchaser files his deed. Joint Venture does not argue otherwise. Given the specific date of accrual provided in the statute, we cannot impose the discovery rule to salvage a tax sale challenge brought outside the limitations period. *See Moreno*, 787 S.W.2d at 354-55; *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546-48 (Tex. 1986); *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985). Therefore, even if we assume that a genuine issue of material fact remains under the discovery rule, it would have no impact on DOH's right to summary judgment on its limitations defense because the exception does not apply. *See KPMG Peat Marwick*, 988 S.W.2d at 748 (defendant asserting statute of limitations defense at summary judgment must negate discovery rule *if it applies* and has been plead or otherwise raised).

**Application of Section 33.54 to Party Not Named in Tax Suit**

In its final limitations argument, Joint Venture contends DOH cannot establish a right to invoke Section 33.54 because it cannot produce evidence of a valid transfer. According to Joint Venture, DOH's deed and the underlying judgment, did not have any effect on its title to the property because the suit was flawed without the entity named as a party. As we discussed above, regardless of the potential merit of a property owner's tax sale challenge that a tax sale was invalid, that argument must be exercised within the statute of limitations. *See Strauss*, 221 S.W.3d at 791 (judgment voidable as against parties not joined in tax foreclosure, but challenging party must comply with requirements in tax code, including limitations); *Session v. Woods*, 206 S.W.3d 772, 778 (Tex.App.--Texarkana 2006, pet. denied)(regardless of merit of challenger's other arguments regarding validity of tax sale, tax code statute of limitations barred action to reclaim property); *Jordan v. Bustamante*, 158 S.W.3d 29, 40 (Tex.App.--Houston [14th Dist.] 2005, pet. denied)(three-year delay in challenge to validity of tax sale barred suit and provided tax purchaser and successor in interest full title to property). Absent a challenge brought within the statute of limitations including its tolling provision, the code allows a tax sale purchaser to "conclusively presume that the tax sale was valid" and transfers to the purchaser, "full title to the property free and clear of the right, title, and interest of any person that arose before the tax sale . . . ." *See* Tex.Tax Code Ann. § 34.08(b).

The statute of limitations in this case began to run when DOH recorded its sheriff's deed to the mineral interest on July 20, 2001. *See* Tex.Tax Code Ann. § 33.54. Joint Venture had two options to challenge the sale. It could have filed a lawsuit to invalidate DOH's deed before July 20, 2002, or if it was not aware of the foreclosure until after the one-year limitations period it could have introduced evidence that it paid the taxes on the property in the years between the

-9-

sale and the date it filed the suit. *See* TEX.TAX CODE ANN. § 33.54. This suit was not filed until July 5, 2005, nearly three years beyond the limitations period. *See id.* There is no evidence in the summary judgment record that Joint Venture paid taxes on the property in 2000, 2001, 2002, 2003, or 2004. Without a timely challenge, DOH acquired good title to the property through the sheriff's deed. *See* TEX.TAX CODE ANN. §§ 34.01(n), 34.08(b). Issue Two is Overruled.

Finding that the trial court did not err by granting summary judgment on DOH's statute of limitations defense, we decline to address Joint Venture's alternative point of error. The trial court's judgment is affirmed.

August 7, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.