Affirmed and Memorandum Opinion
filed April 7, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00320-CV



Rameses School,
Inc, Appellant 

v.

City of San
Antonio and County of Bexar, Texas, Appellee 



On Appeal from
the 285th District Court

Bexar County, Texas

Trial Court
Cause No. 2009-CI-16498



 

MEMORANDUM OPINION 

Appellant Rameses School, Inc. appeals the summary
judgment granted in favor of appellees City of San Antonio and County of Bexar,
Texas, on its challenge to the validity of a tax suit.  We affirm.

Background

On May 7, 1999, the City, the County, and the San
Antonio Independent School District filed a delinquent property tax suit to
collect delinquent real property taxes on a tract of land owned by appellant.  On
October 19, 2000, the trial court entered judgment in favor of the taxing
authorities for delinquent property taxes, years 1987 to 1996.  The Bexar
County Sherriff conducted the tax sale on May 4, 2004, after appellant’s effort
to obtain a federal injunction failed.  The Sheriff did not receive the minimum
bid and therefore sold to property to the County.  The County recorded its deed
on June 21, 2004.  Appellant did not exercise its statutory right to redeem the
property.[1] 
The County subsequently sold the property to the City in a private sale.  

On October 8, 2009, appellant filed an original
petition, application for temporary restraining order, and application for temporary
injunction, seeking to set aside as void the Sheriff’s deed to the County and the
County’s deed to the City.  The City and the County answered, each pleading the
affirmative defense of the statute of limitations.  The City and the County
each moved for summary judgment on, inter alia, the statute of
limitations under the Texas Tax Code.[2]
 The County also moved for summary judgment alleging appellant’s failure to
meet the statutory prerequisites set forth in the Tax Code for maintaining suit
challenging the validity of a tax sale.[3] 
On December 7, 2009, the trial court held a hearing on the motions and granted
both.  Appellant contends on appeal that the trial court erred by granting
summary judgment.  

Standard of Review

To prevail on a motion for summary judgment, the
movant must establish that no material fact issue exists and that it is
entitled to judgment as a matter of law.  Browning v. Prostok, 165
S.W.3d 336, 344 (Tex. 2005).  In conducting our review of the summary judgment,
we take as true all evidence favorable to the nonmovant, and make all
reasonable inferences in the nonmovant’s favor.  Diversicare Gen. Partner,
Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005).  A defendant, as movant, is
entitled to summary judgment if it either disproves at least one essential
element of each of the plaintiff’s causes of action or establishes all the
elements of an affirmative defense.  Friendswood Dev. Co. v. McDade &
Co., 926 S.W.2d 280, 282 (Tex. 1996).  A defendant moving for summary
judgment on a statute of limitations defense must (1) conclusively prove when
the cause of action accrued, and (2) negate the discovery rule if it applies
and has been otherwise pleaded or raised.  KPMG Peat Marwick v. Harrison
County Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  

Analysis

Statute of
Limitations

            The
Texas Tax Code provides the statute of limitations for challenging the validity
of a tax sale.  See Tex. Tax Code
Ann. § 33.54; W.L. Pickens Grandchildren’s Joint Venture v. DOH Oil
Co., 281 S.W.3d 116, 119 (Tex. App.—El Paso 2008, pet. denied).  An action
for title to property may not be maintained against the purchaser of the
property at a tax sale unless the action is commenced “before the first
anniversary of the date that the deed executed to the purchaser at the tax sale
is filed of record.”  Tex. Tax Code Ann.
§ 33.54(a)(1).  “When actions are barred by this section, the purchaser at the
tax sale or the purchaser’s successor in interest has full title to the
property, precluding all other claims.”  Id. § 33.54(c).  

In its first issue, appellant argues that section
33.54 is not applicable here because the statute refers to a “purchaser” at a
tax sale and the County did not purchase the property.  Appellant contends that
the County did not purchase the property, but merely “acquired” it, because the
property was removed from the tax sale after appellant and the County entered
into a payment agreement for the delinquent taxes.  

The undisputed summary judgment evidence shows that
after the property was initially set for a tax sale, appellant and the County
entered into an agreement for the payment of the delinquent property taxes. 
However, appellant failed to make the payments and defaulted on the agreement. 
After the Sheriff set the property for another tax sale, appellant and the
County entered into a second payment agreement.  Again, appellant defaulted,
and the property was set for a tax sale on May 4, 2004.  When the Sherriff did
not receive the minimum bid at the tax sale, he bid the property off to the
County as provided by Section 34.01(j) of the Tax Code.[4]  Appellant
does not cite to any case authority or Tax Code provision to support its
construction of the term “purchaser.”  However, the Tax Code does offer
guidance.  Section 33.51 of the Tax Code, regarding writs of possession
following a tax sale, specifically defines “a taxing unit to which property is
bid off under section 34.01(j)” as a “purchaser.”  Tex. Tax Code Ann. § 33.51(i)(2) (West 2008).  Moreover,
when the Tax Code uses the term “purchaser” in a way not intended to apply to a
taxing unit to which property is bid off, the plain language of the tax code
contains such limitation.  See, e.g., Tex.
Tax Code Ann. § 34.21(a) (stating, in pertinent part, “[t]he owner of
real property sold at a tax sale to a purchaser other than a taxing unit”).  Therefore,
we hold that the County did not merely “acquire” the property; instead, the
County is a “purchaser” entitled to rely upon the statute of limitations of
section 33.54.  

To support its summary judgment on limitations, the
County offered undisputed evidence that it recorded its deed on June 21, 2004. 
As there is no genuine issue of material fact that the County recorded the
Sheriff’s deed on June 21, 2004, appellant had until June 21, 2005, to commence
an action challenging the validity of the tax sale. Because appellant waited
more than five years after the recording of the Sheriff’s deed to file this
action challenging the validity of the tax sale, appellant’s action against the
County is barred under section 33.54.  See W.L. Pickens Grandchildren’s
Joint Venture, 281 S.W.3d at 122 (affirming the summary judgment where the
plaintiff filed suit challenging the validity of the tax sale “three years
beyond the limitations period”); John K. Harrison Holdings, LLC v. Strauss,
221 S.W.3d 785, 788 (Tex. App.—Beaumont 2007, pet. denied) (holding that
section 33.54 precluded the plaintiff’s claim because it did not file s suit
within one year of the filing of the constable’s deed).  

Appellant likewise challenges the City’s right to
rely upon the limitations provisions of section 33.54, asserting that the
County “donated” the property to the City.  Appellant asserts this theory for
the first time on appeal.  In its reply to the City’s motion for summary
judgment, appellant stated that the County “sold” the property to the City.  Moreover,
the only ground appellant argued in its response to the City’s motion was that the
City’s title is not valid because it could only take the County’s title, which
appellant also asserted is defective.  

In summary judgment practice, “[i]ssues not expressly
presented to the trial court by written motion, answer or other response shall
not be considered on appeal as grounds for reversal.”  Tex. R. Civ. P. 166a(c); see also D.R. Horton-Tex., Ltd. v.
Markel Int’l Ins. Co., Ltd., 300 S.W.3d 740, 743 (Tex. 2009) (“A non-movant
must present its objections to a summary judgment motion expressly by written
answer or other written response to the motion in the trial court or that
objection is waived.”).  To “expressly present” the nonmovant’s reasons for
avoiding summary judgment, the written answer or response must fairly apprise
the movant and the trial court of the issues the nonmovant contends should
defeat the motion for summary judgment.  Shih v. Tamisiea, 306 S.W.3d
939, 944 (Tex. App.—Dallas 2010, no pet.).  Because appellant did not raise its
“donation” argument in response to the City’s motion for summary judgment,
appellant has waived this argument on appeal.  As explained above, section
33.54 bars appellant’s challenge to the validity of the Sheriff’s sale of the
property to the County.  

We conclude that the County and the City conclusively
established the affirmative defense of the statute of limitations, and
appellant has not raised a fact issue to avoid the statute of limitations. 
Therefore, the trial court did not err by granting the motions for summary
judgment.  We overrule appellant’s first issue.  

Summary
Judgment Affidavits

In its second issue, appellant contends that the
affidavits submitted in support of the motions for summary judgment are
conclusory, prove only that the County “donated” the property, and do not
support the affirmative defense of the statute of limitations.  Appellant did
not object to the County’s and City’s affidavits as conclusory in the trial
court.  However, an objection that statements in an affidavit are conclusory is
one that relates to a defect in substance and may be raised for the first time
on appeal.  Cruse v. O’Quinn, 273 S.W.3d 766, 777 (Tex. App.—Houston
[14th Dist.] 2008, pet. denied).  Affidavits containing conclusory statements
that fail to provide the underlying facts to support the conclusion are not
proper summary judgment evidence.  Dolcefino v. Randolph, 19 S.W.3d 906,
930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  

Appellant does not point out the specific alleged
defects with regard to the affidavit submitted by the City or the four
affidavits submitted by the County and has not provided a single citation to
the record in support of this issue.  Therefore, appellant has not adequately
briefed this issue.  See Tex. R.
App. P. 38.1(i); WorldPeace v. Comm’n for Lawyer Discipline, 183
S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  However, a
review of each of the affidavits submitted by the County and the City shows
that they are not conclusory but support the affirmative defense of the statute
of limitations as discussed above.  Each affidavit is based on the personal
knowledge of the affiant, and those affidavits submitting records substantially
comply with Texas Rule of Evidence 902(10)(b) and properly authenticate the
relevant business records.  See Tex.
R. Evid. 901(10)(b); McFarland v. Citibank (S.D.), N.A., 293
S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.); McElroy v. Unifund CCR
Partners, No. 14-07-00661-CV, 2008 WL 4355276, at *3 (Tex. App.—Houston
[14th Dist.] Aug. 26, 2008, no pet.) (mem. op.).  We overrule appellant’s
second issue.  

Other
Material Fact Issues

In its third issue, appellant argues that its
response to the motions for summary judgments, along with a supporting affidavit,
raised the following material fact issues, which appellant claims the trial
court failed to consider: the disputed legal description of the property, the status
of the tax exemption granted to appellant, and the disposition of the “back
tax” agreement.  However, assuming these purported fact issues, summary
judgment is nonetheless proper.  Appellant did not timely assert these issues by
the one-year anniversary date of the filing of sheriff’s deed of record.  See
Tex. Tax. Code Ann. § 33.54(a). 
We overrule appellant’s third issue.  

Having overruled all of appellant’s issues, we affirm
the judgment of the trial court.[5] 


 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.









[1]
See Tex. Tax Code Ann. §
34.21(e) (West 2008).  





[2]
See Tex. Tax Code Ann. §
33.54 (West 2008).  





[3]
Section 34.08(a) requires the person challenging the tax sale to deposit into
the court’s registry an amount equal to the delinquent taxes, penalties, and
interest specified in the judgment, or file an affidavit of inability to pay
under Rule 145 of the Texas Rules of Civil Procedure.  Tex. Tax Code Ann. § 34.08(a) (West 2008).  The County
asserted in its motion for summary judgment that appellant did not deposit the
required amount into the court’s registry.  Appellant, however, fails to
challenge this ground for summary judgment on appeal.  Because the trial
court’s judgment order did not specify the grounds on which it granted summary
judgment, we must affirm the trial court’s summary judgment in favor of the
County on appellant’s challenge to the validity of the tax sale.  See
Roberts v. T.P. Three Enters., Inc., 321 S.W.3d 674, 676–77 (Tex.
App.—Houston [14th Dist.] 2010, pet. denied) (holding that the appellants’
failure to deposit the amount required by section 34.08(a) into the registry of
the court, while only attacking the statute of limitations summary judgment
ground, required affirmance of the summary judgment). 





[4]
See Tex. Tax Code Ann. §
34.01(j) (West 2008) (providing that if a sufficient bid is not received, the
taxing unit that requested the order of sale may terminate the sale; if it does
not terminate the sale, the officer making the sale shall bid the property off
to the taxing unit that requested the order of sale for the aggregate amount of
the judgment against the property or for the market value of the property as
specified in the judgment, whichever is less).





[5] Appellant has not complained in this appeal about the
summary judgment on its cause of action to remove an alleged cloud on its title
and therefore has waived any complaint.  See San Jacinto River Auth. v. Duke,
783 S.W.2d 209, 209–10 (Tex. 1990) (stating that it is a “well-established rule
that grounds of error not asserted by points of error or argument in the court
of appeals are waived”).  

Appellant raised a claim for adverse possession in its first amended
petition but abandoned that claim in its second amended petition.  An amended
pleading supersedes and supplants earlier original pleadings.  Tex. R. Civ. P. 65; Smith v. CDI
Rental Equip., Ltd., 310 S.W.3d 559, 565 (Tex. App.—Tyler 2010, no pet.). 
The City and the County moved for summary judgment on this claim before
appellant abandoned it, and the City addresses it in this appeal.  However,
because appellant has not raised any issue related to the adverse possession
claim in this appeal, we do not address it.  See San Jacinto River Auth.,
783 S.W.2d at 209–10.