COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| HUNTLEY FORT GILL, ROBYN G. ATTAWAY and MIRIAM G. STIRN, | § | No. 08-20-00081-CV |
| Appellants, | § | Appeal from the |
| v. | § | 143rd District Court |
| DAVID HILL, Individually and d/b/a DOH OIL COMPANY, | § | of Reeves County, Texas |
| | § | (TC# 19-02-22804-CVR) |
| Appellees. | | |

**O P I N I O N**

Appellants, Huntley Fort Gill, Robyn G. Attaway and Miriam G. Stirn, appeal the trial court's entry of summary judgment against them and in favor of Appellees, David Hill, Individually and d/b/a DOH Oil Company, on Appellees' affirmative defense of limitations. Appellants' 2019 lawsuit was a collateral attack on a tax lien foreclosure which occurred in 1999, which Appellants allege occurred without adequate notice and in violation of their predecessors' due process rights. Appellees moved for summary judgment based on the Tax Code's one-year statute of limitations, which the trial court granted.

We find the trial court did not err in granting summary judgment in favor of Appellees

1

because Appellants failed to meet their burden to present evidence indicating a material issue of fact on the applicability of the statute of limitations to their case. We affirm the judgment of the trial court.

## BACKGROUND

In 1999, Appellees purchased various mineral interests at auction after they had been foreclosed upon by Pecos-Barstow-Toya ISD, Reeves County, and Reeves County Hospital District. The sheriff's deed conveying the mineral interests to DOH Oil Company was recorded in the property records on April 8, 1999.

On February 13, 2019, Appellants filed a lawsuit collaterally attacking the validity of the tax sale of the mineral interests to DOH Oil Company. In their petition, they alleged their predecessors-in-title owned a portion of the mineral interests in question at the time of the tax sale foreclosure, and the tax sale was undertaken without any service of process upon their predecessors. As a result, according to Appellants' petition, the judgment following the tax sale was void for lack of due process. Their petition sought a declaratory judgment that the tax sale judgment was void and sought to quiet title on the subject mineral interests.

In their answer, Appellees pleaded the affirmative defense of limitations, among others. They later moved for summary judgment on limitations, invoking the one-year statute of limitations prescribed by the Texas Tax Code for challenges to title of property sold in a tax sale. *See* TEX.TAXCODE ANN. § 33.54(a)(1). Appellees argued Appellants' deadline to challenge the validity of the sale was one year after the deed of sale to DOH Oil Company was recorded in the property records, or April 8, 2000, pursuant to Section 33.54. *See id*. Because Appellants' lawsuit was not filed until 2019, Appellees asserted Appellants' claims were barred. Additionally,

2

Appellees argued the Tax Code's tolling provision—namely, for Appellants or their predecessors to have paid taxes on the property from the time of the sale until the suit challenging the sale was brought—was not triggered in this case because Appellants did not allege that they or their predecessors paid taxes during that time. *See* TEX.TAXCODE ANN. § 33.54(b). Furthermore, Appellees argued the statute of limitations applies to cases challenging the validity of a tax sale even where due process has been denied to a property owner by improper or a complete lack of service of process, based on Texas precedent. *See, e.g., W.L. Pickens Grandchildren's Joint Venture v. DOH Oil Co.*, 281 S.W.3d 116, 121 (Tex.App.—El Paso 2008, pet. denied); *Am. Homeowner Pres. Fund, LP v. Pirkle*, 475 S.W.3d 507, 514-15 (Tex.App.—Ford Worth 2015, pet. denied); *John K Harrison Holdings, LLC v. Strauss*, 221 S.W.3d 785, 791 (Tex.App.—Beaumont 2007, pet. denied); *Session v. Woods*, 206 S.W.3d 772, 778 (Tex.App.—Texarkana 2006, pet. denied); *Barrera v. Chererco, LLC*, No. 04-16-00235-CV, 2017 WL 943436, at *2 (Tex.App.—San Antonio 2017, no pet.)(not designated for publication).

In response, Appellants argued Texas intermediate courts applying the statute of limitations to cases asserting constitutional challenges were incorrectly decided. Appellants claim Texas Supreme Court and United States Supreme Court precedent mandates that for the requirements of due process in a tax foreclosure to be met, a property owner was entitled to personal service of process of the proceedings, and the preservation of due process trumped any limitations periods prescribed by state statute. *See, e.g., In re E.R.*, 385 S.W.3d 552, 566-67 (Tex. 2012)(declining to apply statute of limitations under Texas Family Code for suit terminating parental rights when due process was denied to mother through improper service); *see also Schroeder v. New York*, 371 U.S. 208, 211 (1962)(due process was not satisfied when notice of foreclosure was only by

3

publication and posting, even though the challenge was filed outside of the limitations period); *Walker v. City of Hutchinson*, 352 U.S. 112, 116 (1956)(notice by publication deprived landowner of due process even though collateral attack was filed after deadline for appeal).

Appellees filed a reply in support of their motion for summary judgment, reiterating their position that the statute of limitations applied to Appellants' due process claims. Appellees also argued that even if Appellants' due process claims would prevent application of the statute, Appellants had failed to carry their burden of producing any evidence tending to raise an issue of material fact on the allegedly inadequate notice.

Following a hearing, the trial court granted Appellees' motion for summary judgment. Appellants filed a motion for new trial, reasserting the same argument alleged in their response and newly claiming Appellees failed to meet their burden on summary judgment "demonstrat[ing] that there was not even a scintilla of evidence that the due process rights of [Appellants'] predecessor in interest were not violated." The trial court denied Appellants' motion for new trial.

This timely appeal followed.

**DISCUSSION**

Appellants present one issue on appeal: whether the trial court erred in granting Appellees' motion for summary judgment on the affirmative defense of limitations when Appellants' case seeks to void a tax judgment based on the denial of constitutional due process for lack of valid service. In response, Appellees argue that ample precedent, including precedent binding on this Court, has upheld summary judgment against plaintiffs challenging the validity of a tax judgment for lack of service and constitutional due process issues when the challenge is raised outside of the

4

limitations period.[1] Moreover, according to Appellees, summary judgment was proper because Appellants failed to present evidence in support of their due process arguments at the summary judgment phase, and thus failed to carry their burden to avoid having summary judgment entered against them.

We first consider Appellees' contention that summary judgment was proper because Appellants failed to meet their burden of proof to defeat Appellees' motion.

### *Standard of Review and Applicable Law*

A grant of summary judgment is reviewed *de novo. Murray v. Nabors Well Service*, 622 S.W.3d 43, 50 (Tex.App.—El Paso 2020, no pet.)(*citing Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). Summary judgment is appropriate when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a. In deciding whether a genuine issue precludes summary judgment, we treat all evidence favorable to the non-movant as true and indulge every reasonable inference and resolve all doubts in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When a defendant conclusively establishes all elements of an affirmative defense, the defendant is entitled to summary judgment. *See SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995); *Holland v. Thompson*, 338 S.W.3d 586, 593 (Tex.App.—El Paso 2010, pet. denied).

To achieve summary judgment on the defense of limitations, "[t]he defendant must (1)

---

[1] During the pendency of this appeal, the Texas Supreme Court decided *Mitchell v. MAP Resources, Inc.*, No. 21-0124, 2022 WL 1509745, *1 (Tex. May 13, 2022), which squarely addresses this issue. We acknowledge that neither party had the benefit of *Mitchell*'s analysis in the trial court proceedings or briefing stages of this appeal. However, as we discuss more fully below, *Mitchell*'s analysis is inapplicable to the facts of this case as a result of evidentiary deficiencies at the summary judgment stage.

conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pled or otherwise raised[.]" *Holland*, 338 S.W.3d at 593 (*citing KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)). This well-established tenet applies to cases where a tax judgment is being collaterally attacked. *See W.L. Pickens*, 281 S.W.3d at 119. Upon such showing, the non-movant bears the burden to present evidence raising an issue of material fact to avoid the statute of limitations. *Rodriguez v. Cemex, Inc.*, 579 S.W.3d 152, 160 (Tex.App.—El Paso 2019, no pet.). The non-moving party is not required to marshal all its proof in response to a summary judgment motion but must present evidence that raises a genuine issue of material fact on each of the challenged elements. *Stierwalt v. FFE Transp. Services, Inc.*, 499 S.W.3d 181, 194 (Tex.App.—El Paso 2016, no pet.). If a plaintiff fails to raise a genuine issue of material fact as to the affirmative defense, the trial court must grant the motion. *See id*.

### *Analysis*

We first consider whether Appellees met their burden of proof as the movant. In their motion, Appellees cite to Section 33.54 of the Texas Tax Code, which provides a limitations period of one year from "the date that the deed executed to the purchaser at the tax sale is filed of record" for challenges to title of property sold in a tax sale. *See* TEX.TAXCODE ANN. § 33.54(a).[2] As summary judgment evidence, Appellees attached a copy of the Sheriff's Tax Deed from the sale of the mineral interests including those belonging to Appellants' predecessor-in-interest. The date

---

[2] As discussed further in our opinion, Section 33.54 includes an exception to the limitations period for persons who were not served with citation in the suit to foreclose the tax lien when those persons paid taxes on the property during the limitations period and until a suit challenging the tax sale is commenced. *See id.* § 33.54(b).

of filing the deed in the property records establishes the accrual date of claims, which the record affirmatively shows is April 6, 1999.

Accordingly, Appellees have conclusively proved the accrual date for Appellants' claims. It was not necessary for Appellees to negate the discovery rule, since it was neither pleaded by Appellants nor is applicable to claims challenging a tax sale. *See W.L. Pickens*, 281 S.W.3d at 122 (precluding application of the discovery rule to cases challenging a tax sale). Appellees met their initial burden proving their entitlement to summary judgment on limitations.

At this juncture in the summary judgment proceedings, the burden shifted to Appellants to present evidence raising a material issue of fact as to the applicability of the statute of limitations to their petition. *See Rodriguez*, 579 S.W.3d at 160; *W.L. Pickens*, 281 S.W.3d at 123. Evidence which would preclude application of the statute of limitations is proof that Appellants and/or their predecessors paid taxes on the property from the time of the sale in 1999 until their suit was brought. *See W.L. Pickens*, 281 S.W.3d at 123; TEX.TAXCODE ANN. § 33.54(b). When a person challenging a tax sale presents evidence it paid taxes between the time of the sale and the time the challenge is brought, the limitations period on suits challenging the sale is inapplicable. *See W.L. Pickens*, 281 S.W.3d at 123; TEX.TAXCODE ANN. § 33.54(b). However, no such evidence was provided by Appellants, nor did Appellants make any contention they or their predecessors-in-interest paid taxes during this period.

Additionally, Appellants could have presented evidence to support their due process claims. Since this appeal was filed, the Texas Supreme Court issued its opinion in *Mitchell v. MAP Resources, Inc.*, No. 21-0124, 2022 WL 1509745, *1 (Tex. May 13, 2022). *Mitchell* also examined whether due process rights were violated after heirs to a mineral interest learned their predecessor's

rights were foreclosed upon after she was served by publication, despite her address being available in recorded warranty deeds and the county's tax records. *See id.* The Texas Supreme Court held that the publicly available property records offered as evidence in a summary judgment proceeding should have been considered by the trial court in a collateral attack on a judgment for due process concerns. *Id.* Further, because the records contained the predecessor-in-interest's address, serving her by posting violated her right to procedural due process. *Id.*

We realize Appellants did not have the benefit of *Mitchell* as precedent at the time of their proceedings in the trial court. However, if they intended to rely on allegations of a due process violation as a response to a motion for summary judgment, they were required to present **evidence** of the alleged violation in response to Appellees' motion. *See Sec. State Bank & Tr. v. Bexar County*, 397 S.W.3d 715, 723 (Tex.App.—San Antonio 2012, pet. denied)(where bank was a lienholder of record and entitled to notice of tax sale, but evidence on summary judgment showed complete lack of notice, one-year statute of limitations did not bar challenge to sale brought by the bank).[3] They did not. In fact, Appellants did not attach any evidence to their response to Appellees' motion for summary judgment. Rather, they relied on the arguments in their response and the substance of their petition claiming the notice by posting to their predecessors-in-interest was constitutionally infirm and deprived them of due process, which they assert precludes application of the statute of limitations. Their failure to present any evidence of the alleged

---

[3] *See also Ocwen Loan Servicing, LLC v. Gonzalez Fin. Holdings, Inc.*, 77 F. Supp. 3d 584, 588 (S.D. Tex. 2015), *aff'd sub nom. Ocwen Loan Servicing, L.L.C. v. Moss*, 628 Fed. Appx. 327, 328 (5th Cir. 2016)(declining to apply one-year statute of limitations to a lienholder who did not receive notice of the tax sale)("When the moving party has met its [summary judgment] burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence prevents summary judgment on the movant's claim.").

violation is a key distinction between the facts of this case and *Mitchell*, where the successors-in-interest attached as evidence in the summary judgment proceedings copies of public records which had been readily available to the taxing authorities at the time of the foreclosure sale. *See Mitchell*, 2022 WL 1509745 at *3. Appellants argue that documents filed among the property records of Reeves County would have demonstrated the lack of diligent inquiry into their whereabouts at the time of the foreclosure sale. However, they failed to attach those documents, or any other evidence in support of the alleged due process violations, and instead relied on the substance of their arguments. But—and on this there can be no disagreement—arguments in pleadings are not evidence, even when sworn to or verified. *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016); *In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 898 (Tex.App.—El Paso 2012, no pet.).

In their reply brief, Appellants argue for the first time on appeal that Appellees failed to satisfy their summary judgment burden. Specifically, Appellants argue Appellees "clearly asserted in their Petition that the Texas Tax Code's statute of limitations does not apply to sales held in violation of a property owner's due process rights[,]" and therefore, Appellees were required to negate this contention in their motion for summary judgment.[4] Appellants claim that in order to prove Appellees were entitled to summary judgment, Appellees needed to "proffer . . . evidence to negate Appellants' claimed due process violation, *i.e.* evidence that notice and service of process was proper[.]" First, any issue not raised initially in an appellant's primary brief is not preserved for review. *Fox v. City of El Paso¸* 292 S.W.3d 249, 251 (Tex.App.—El Paso 2009, pet.

---

[4] It is unclear to this Court where in Appellants' petition they plead the inapplicability of the Tax Code's statute of limitations to their case.

9

denied)(citing TEX.R.APP.P. 38.3). Appellants attempt to couch this argument as responsive to Appellees' brief; however, the argument made by Appellees to which Appellants address this new contention is the very same ground upon which Appellees sought summary judgment in the first place. In fact, Appellants made a similar argument in their motion for new trial, indicating an intention to pursue this position on appeal. However, they failed to raise it in their brief on the merits, thereby waiving the issue on appeal. *See* TEX.R.APP.P. 38.1(i); *Fox*, 292 S.W.3d at 251.

Even if Appellants had properly preserved this issue, their position is a misstatement of the summary judgment burden. Appellants argue that for Appellees to succeed on their limitations defense *at the summary judgment stage*, they must marshal evidence "conclusively establishing" that service upon Appellants' predecessors was proper, thus foreclosing on Appellants' due process claims. In other words, Appellants interpret the law to mean that to succeed on an affirmative defense through a summary judgment motion, the party must "conclusively" dispose of the merits of its opponent's claim. Appellants' position is incorrect. An affirmative defense is a reason offered by a defendant why the plaintiff is ineligible for recovery regardless of the merits of his claim. *See MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 137 (Tex. 2014). We acknowledge the somewhat unique circumstances of this particular case, and Appellants' assertion their predecessors-in-interests' violation of due process—their substantive claim— precludes application of Appellees' statute of limitations affirmative defense. However, the summary judgment standard is well-settled and the parties' respective burdens at the summary judgment stage are clear: the burden to present some evidence demonstrating an issue of material fact on the applicability of the statute of limitations lay with Appellants as the non-movants. *See Stierwalt*, 499 S.W.3d at 194. If they intended to rely solely on their due process claims to defeat

10

the limitations assertion, as their petition and response indicate, it was their burden to present **some evidence** of a due process violation.[5] Their failure to present **any evidence** of a due process violation or any other reason why the limitations period should not apply after Appellees satisfied their burden proving the limitations period should apply is insufficient to avoid imposing summary judgment against them.

Appellants also raise for the first time in their reply brief that a summary judgment based upon the plaintiff's pleadings requires the court to assume all allegations and facts contained in the plaintiff's petition are true. This argument has also not been preserved for review. *See* TEX.R.APP.P. 38.1(i); *Fox*, 292 S.W.3d at 251. Even if it was, however, Appellants misstate the law. A defendant moving for summary judgment against a plaintiff for failing to state a cause of action relies solely upon the contents of the plaintiff's petition, and "all allegations, facts, and inferences in the pleadings are taken as true and viewed in the light most favorable to the non-movant." *Valles v. Texas Com'n on Jail Standards*, 845 S.W.2d 284, 286 (Tex.App.—Austin 1992, writ denied). However, Appellants misapprehend Appellees' motion. Appellees did not assert Appellants had failed to state a claim against them in their petition; rather, Appellees argued only that (1) Appellants' lawsuit was barred by limitations, and (2) Appellants had not alleged they or their predecessors paid taxes on the property which would toll the limitations period. Accordingly, even if this argument were preserved on appeal, it is without merit.

---

[5] We recognize, as the concurring opinion expounds on, there are circumstances where a defendant asserting a statute of limitations affirmative defense has the burden to conclusively negate a plaintiff's claim that the limitations period has not expired. Those circumstances include, as we mentioned previously in this opinion, where the plaintiff has pleaded the discovery rule. *See Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021). Similarly, the burden lies with a defendant to conclusively negate other tolling provisions when they have been pleaded by the plaintiff. *Id.* at 95. However, when, as here, the plaintiff's argument is not for the tolling of limitations, but rather its complete avoidance for reasons of equity, the burden lies with the plaintiff to raise a fact issue to preclude summary judgment against it on a limitations defense. *Id.* at 88.

We find the record shows Appellees satisfied their burden showing applicability of the Tax Code's statute of limitations to Appellants' lawsuit. We likewise find Appellants failed to present any evidence raising a genuine issue of material fact to avoid application of the statute of limitations. *Rodriguez*, 579 S.W.3d at 160. Accordingly, we find it was proper for the trial court to grant Appellees' motion for summary judgment.

Appellants' sole issue is overruled.

## CONCLUSION

Having overruled Appellants' sole issue, the judgment of the trial court is affirmed.


August 30, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox and Alley, JJ.
Alley, J., Concurring
Palafox, J., Dissenting

12